FILED
JAMES J. VILT JR,
CLERK
July 22, 2022
U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

United States District Court
at Louisville

Michael Eaves, et al.,
Plaintiff Pro Se,

V.

Rebecca Jennings - U.S. Judge
Defendant

case no. 3:22 CV 374 DJH

Notice, and Certificate
of Service to Civil Process
Clerk, Office of U.S. Attorney, And
U.S. Attorney General           FRCP 4

---

＊ Notice, and Certificate ＊
of Service

This is Notice that a lawsuit has been filed in
the U.S. District Court at Louisville against the U.S.
District Judge Rebecca Jennings in her individual and
official capacities and to Certify that a true and correct
copy of the complaint filing has been sent via U.S.
Certified Mail, postage prepaid to:

U.S. Attorney General                    And, Rebecca Jennings - U.S. District
Department of Justice                         U.S. District Court
950 Pennsylvania Av. NW.                      at Louisville
Washington D.C, 20530                         601 W. Broadway rm 106
And,                                          Louisville KY 48202

Civil Process Clerk                      Sent: copy
Office of the U.S. Attorney              1 - Complaint with attachments - 74 pages
717 W. Broadway
Louisville KY 40202                      1 - This Notice, Cert. of Service, and
                                              Inmate filing declaration - 2 pages

         On this day, the 20th day of July 2022 by
Plaintiff Michael Eaves, a natural live man who is not a
                     page 1 of 2

corporation. I declare the foregoing to be true and correct under penalty of Perjury.

Michael Eaves 7·20·22
Michael Eaves - Plaintiff
℅ 168 Lee Adjustment Center Drive
Beattyville KY 41311


\* Declaration of Inmate Filing \*

I am an inmate confined in an institution. Today I am depositing this Notice and Certificate of Service in the institutions system for legal mail to be filed and sent to the Clerk of the U.S. District Court at Louisville Ky. 601 W. Broadway rm 106, Louisville KY 40202, all postage pre-paid by me or by the institution on my behalf. I am not a corporation. All rights reserved without prejudice,

Michael Eaves 7·20·22
Michael Eaves - Plaintiff

- page 2 of 2 -



7018 1830 0001 2089 4983

Michael Eaves [261472]
℅ 168 Lee Adjustment Center Drive
Beattyville Kentucky [41311]

  

U.S. POSTAGE PAID
PM
BEATTYVILLE, KY
41311
JUL 20, 22
AMOUNT
**$0.00**
R2308M154414-06

Rebecca Jennings - U.S. District Judge
U.S. District Court at Louisville
601 W. Broadway rm 106
Louisville KY 40202

**RECEIVED**
JAMES J. VILT, JR. - CLERK

JUL 22 2022

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

 Legal Mail

privileged, confidential
legal mail

**FILED**
JAMES J. VILT JR,
CLERK

July 22, 2022

U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

U.S.D.C,
at Louisville

Michael Eaves, and others similarly situated, | Case no. 3:22 cv 374 DJH
Plaintiff, Pro Se

v.

Rebecca Jennings,
Defendant

Appendix to ADA/RA action and complaint
Any Federal agency receiving must also refer complaint to USDOS, pursuant to Title II ADA

* Appendix *

1) Complaint — 9 pages

2) Exh PX-1, returned Misconduct Compl. w/attachments — 17 pages

3) Exh PX-2, Affidavit of Michael Eaves — 7 pages
4) Exh PX-3, Certified Mail receipt to AG/DOS (copy) — 1 page

5) PX-4, Second Complaint not allowed to be handwritten, not on CJ forms, (Less attachments) — 31 pages
6) Summons — 2 pages
7) Demand for Jury Trial — 1 page

Total Complaint with attachments — 63 pages
Exhibit cover sheets — 4 pages

* Notice of inmate Filing and Declaration *

I am an inmate incarcerated in an institution. Today, July 18, 2022 I am depositing this Complaint with attachments in the institutions internal legal mail system for filing and to be sent to the Clerk of the U.S.D.C. at Louisville; 601 W. Broadway room 106, Louisville KY, 40202, via U.S. Certified Mail, all postage prepaid by me or by the institution on my behalf. I declare the foregoing to be true and correct under penalty of perjury. I'm not a corporation.

Tracking# 7018-1830-0001-2089-4891

Michael Eaves    7-18-22

Plaintiff — Michael Eaves [261472]

# FORM A

**CIVIL RIGHTS COMPLAINT TO BE USED BY A *PRO SE* PRISONER**
**UNDER 42 U.S.C. § 1983 or**
Rev. 10/10    **UNDER *BIVENS V. SIX UNKNOWN FED. NARCOTICS AGENTS***

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**

_Michael Eaves, and_
_others similarly situated, pro se_

(Full name of the Plaintiff(s) in this action)

v.

_Rebecca Jennings, (Judge(W.D. of Kentucky at Louisville), (United States)_

_____

_____

_____

(Full name of the Defendant(s) in this action)

*Rights preserved and Jurisdiction of Court, 28 U.S.C. Sec. 2072, A.D.A.; Title II; Rehabilitation Act of 1973, Bivens v. Six Unknown Fed. Narcotics Agents, 1st 7th 9th and 14th Amendments to the U.S. Constitution, and Laws of the United States, FRCP 38(a),(b),(c)*

CIVIL ACTION NO. _3:22CV374DJH_
(To be supplied by the clerk)

(✓) DEMAND FOR JURY TRIAL
*Also Separate Demand Filed (attached)*
( ) NO JURY TRIAL DEMAND
(Check only one)

*Jurisdiction of Court under U.S. Const. art. 3 §2; 28 U.S.C. §1331, and acts, laws, and Constitution of the U.S. and amendments (above), 42 USC§1985 and 28 U.S.C. §1343, 2201, 2202, 2283, 2284, Rule 65 FRCP*

*28 USC 1391*

## I.    PARTIES

(A) **Plaintiff(s).** Place the full name of the Plaintiff in the first blank below, his/her place of confinement, address, and status. Repeat this procedure for each additional Plaintiff named, if any.

(1) Name of Plaintiff: _Michael Eaves_

Place of Confinement: _Lee Adjustment Center_

Address: _1108 Lee Adjustment Center Dr., Beattyville Ky 41311_

Status of Plaintiff: CONVICTED (✓)  PRETRIAL DETAINEE ( )

(2) Name of Plaintiff: _Others similarly situated_

Place of Confinement: _All Kentucky prisons_

Address: _____Kentucky_____

Status of Plaintiff: CONVICTED ( ✓ )  PRETRIAL DETAINEE ( ___ )

(3)  Name of Plaintiff: _____

Place of Confinement: _____

Address: _____

Status of Plaintiff: CONVICTED ( ___ )  PRETRIAL DETAINEE ( ___ )

**(B)  Defendant(s).**  Place the full name of the Defendant in the first blank below, his/her official position title in the second blank, and his/her place of employment in the third blank. Mark the capacity in which the Defendant is being sued.  Repeat this procedure for each additional Defendant named, if any.

(1)  Defendant __Rebecca Jennings_____ is employed

as __District Judge__ at __U.S. District Court at Louisville__

The Defendant is being sued in his/her ( ✓ ) individual and/or ( ✓ ) official capacity.

(2)  Defendant _____ is employed

as _____ at _____.

The Defendant is being sued in his/her ( ___ ) individual and/or ( ___ ) official capacity.

(3)  Defendant _____ is employed

as _____ at _____.

The Defendant is being sued in his/her ( ___ ) individual and/or ( ___ ) official capacity.

(4)  Defendant _____ is employed

as _____ at _____.

The Defendant is being sued in his/her ( ___ ) individual and/or ( ___ ) official capacity.

2

(5)  Defendant _____ is employed

as _____   _____ at _____.

The Defendant is being sued in his/her (___) individual and/or (___) official capacity.

## II.  PREVIOUS LAWSUITS

(A)  Have you begun other lawsuits in State or Federal court dealing with the <u>same facts</u> involved in this action?  YES (___) NO (✓)

(B)  If your answer to "A" is YES, describe the lawsuit in the spaces below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper, using the same outline.

Parties to the previous lawsuit:

Plaintiff(s):  _____

_____

Defendant(s):  _____

_____

Court (if federal court, name the district.  If state court, name the county):

_____

Docket number: _____

Name of judge to whom the case was assigned: _____

Type of case (for example, habeas corpus or civil rights action): _____

Disposition (for example, Was the case dismissed?  Is it still pending?  Is it on appeal?): _____

Approximate date of filing lawsuit: _____

Approximate date of disposition: _____

3

## III.   STATEMENT OF CLAIM(S)

State here the FACTS of your case.  State how you believe your constitutional rights were violated.  Describe how each Defendant violated your rights.  And set forth the dates on which each event took place.  Do not make legal arguments or cite cases or statutes.   However, identify the constitutional right(s) you allege was/were violated.  If you intend to assert multiple claims, number and set forth each claim in separate paragraphs.

1) Defendant Rebecca Jennings is the sitting District Judge in case no. 3:21-CV-296-RGJ, Michael Eaves, et al, v. Dagen Moon, et al, and,

2) The action above is a prisoner rights deprivation case against prison officials Dagen Moon and others that Plaintiff Michael Eaves and others similarly situated seek protection and Rights afforded by the U.S. Constitution, the ADA/RA, and other laws protecting Plaintiffs, and, events herein arose from court and is not a prison complaint,

3) On 5-24-21 Plaintiff Michael Eaves filed a Motion For Class Certification pursuant to Rule and requested appointment of counsel for the class, and, (D.N. 14), and,

4) On 7-19-21 Defendant Jennings deprived Plaintiffs of relief and their rights when she denied the Motion For Class Certification that was correctly drafted from O'Connor's Federal Rules of Civil Trials 2019, a recognized desk reference for attorneys, and,

5) Defendant Jennings also denied the Motion to appoint Counsel to assist the Class, depriving Plaintiffs of their rights, and, relief, and

6) On 6-24-21 Plaintiff filed a Motion to allow his complaint (handwritten) to be filed not on court forms that was denied (7-19-21) by Defendant, with the complaint being a disability discrimination complaint that stops Federal funding to Kentucky prisons, while

4

### III.  STATEMENT OF CLAIM(S) continued

Defendant Jennings had already allowed prisoner Emoshia
Duncan's complaint to proceed not on court forms (3:19-cv-P890),

7) and these actions by Defendant are outside her jurisdiction and
are discriminatory to Plaintiffs based upon their disability, and
disab. discrimination complaints, and, interfere with seeking ADA protection, and,

8) Prisoner complaint that was filed by Emoshia Duncan did
not seek protection of the ADA/RA as the Plaintiff in Eaves'
case did, nor did Duncan's complaint threaten Federal funding
to Kentucky Prisons, which means money was involved in
depriving Plaintiffs of their rights by Defendant. And,

9) the relief requested in the denied handwritten amended complaint
was over 2 million dollars among other injuries and requests deprived
by Defendant; now an injury to Plaintiffs. And,

10) These actions by Defendant Jennings deprived Plaintiffs of their rights
protected by the U.S. Constitution, 1st, 7th, 9th, and 14th Amendments,
the ADA/RA of 1973, and at all times herein Defendant's actions and abuse
of authority were under color of law, they are capable of repetition but
evades review, and no court Order or Judgment can cure
the injuries to Plaintiff's rights, mind, equal access. to Courts, sought protection
of the U.S. Constitution and ADA/RA, as these injuries are irreparable

11) _____ And, Plaintiffs were denied the relief requested in the complaint

(continued—see attached pages) 5

handwritten and not on court provided forms. Defendants actions herein are an abuse of authority under color of federal law and she treated Plaintiff less than equal with his disability discrimination complaints, that sought protection and enjoyment of the ADA, RA, and U.S. Constitution and other laws of the United States. And, ADA complaints are supposed to be easy, and are not. And,

12) I fear retaliations by other court workers and judges in these cases and others because of my complaints against the Defendant. The threat is real and evidenced by Plaintiff being denied other pro se liberties by judge Caldwell who refused to subpoena records and order the clerk to not send me signed but otherwise blank subpoenas that any of the Defendants attorneys could have issued. Eaves and others similarly situated have a right to access and to be treated equally in the court regardless of skin color, disability; or sexually oriented as a reformed sex offender, and Defendant Jennings denied equal treatment to Eaves and other Plaintiffs with her actions. And, Eaves objected to the Defendants actions, receiving no mercy. And,

13) The U.S. Taxpayer is injured beyond repair by Defendants actions to allow Kentucky Prisons to fraudulently receive federal funding with disability discrimination, and interference with complaints, and disregard for inmates and Plaintiff's rights, prevalent in the system as specified in the complaints, that the Defendant and the Court at Louisville will never let see a jury, no matter what. And,

14) Defendants actions deprived Plaintiffs of the Jury Trial demanded in the denied handwritten complaint, a Right preserved inviolate by Rule and the 7th Amendment. And,

15) Defendants actions herein caused Eaves to lose sleep, have headaches more intense, body aches from stress and extreme emotional distress and feelings of helplessness, and,

16) I Michael Eaves DEMAND A JURY TRIAL on all issues triable by Jury. And,

17) I am disabled, being blind in left eye, no depth perception, impaired vision in right eye, bilateral hearing loss, bipolar disorder, anxiety and depression. I am not an Attorney.

— Page 5(a) —

18) Defendant did not allow Eaves to file a handwritten complaint not on court forms but allowed Emoshia Duncan to do so without even asking Defendant Jennings. Treating Eaves unequally is a non-judicial action that she has no authority or jurisdiction to do so. And,

19) Plaintiff Eaves is sexually oriented as a reformed sex offender and disabled whereas Emoshia Duncan is not sexually oriented as a sex offender according to his sentence. And, prisoners who file ADA complaints suffer irreparably both in prison and in the courts from actions such as defendants in these cases. And,

20) Defendant Jennings did treat Eaves differently and unequal to treatment she provided to Duncan on July 19, 2021 when she denied Eaves' Right and Liberty to equal access to the courts, because of her bias towards Eaves' sexual orientation being a reformed sex offender and because his complaints could stop federal dollars to Kentucky. And,

21) Federal funding is still going to the Court at Louisville and to the Kentucky Dept. of Corrections even though these actions herein, as well as many claims in Timothy Nolan, v. Patterson, et.al., 3:19-cv-935, that Eaves is aware of, did take place, as did Christian Toelke and Stefany Hughes lie in their affidavit that Eaves was only "skipped" once by accident in Eaves v. Ballard, et.al., that was covered up by Judge Karen Caldwell Ordering the Clerk to not issue signed but otherwise blank subpoenas, that any attorney can issue, to obtain the bed move records for Jeffrey Burgin and Louis Smith who were both moved into bottom bunks in the honor dorm pre-honor 1 before Eaves, and Burgin was actually approved for the program after Eaves but Judge Caldwell knew this and hid it so money would keep rolling to the KDOC. And,

22) Plaintiffs are targeted by Defendant Jennings and other judges at the Louisville District Court who work together to deprive rights of Eaves and other similiarly situated disabled inmates who are also sexually oriented as reformed sex offenders and who file complaints that stop fraudulent funding to government entities, especially ADA complaints. This will all continue without relief from the court and Eaves has now exposed Defendant when Eaves saw Duncan's handwritten compla

— page 5(b) —

hence giving rise to this action. Defendant's actions show her bias in direct conflict with her Oath.

All conditions precedent occurred or were performed.

## IV  Additional Relief Sought

23) Wherefore Plaintiff respectfully prays this Honorable Court enter judgment granting Plaintiff;

24) A declaration that the acts and omissions described herein, violated Plaintiff's Rights under the U.S. Constitution and laws of the United States; and;

25) A preliminary and permanent injunction Ordering 6th Circuit Judges and Courts to cease the actions herein and guarantee training and compliance for processing ADA/RA Complaints, including referral to the U.S. DOJ for investigation as mandated in Title II of the ADA; and to cease federal funding to non compliant entities. and;

26) An Order to Defendant to pay the relief in the denied handwritten complaint that Eaves was deprived the Right to equal treatment in accessing the court, or $2,000,000.00 U.S. Dollars as settlement for his irreparable injuries; and;

27) Compensatory Damages for costs in this case. And;

28) Any other Equitable relief available to Plaintiff. And;

29) Punitive Damages for pain and suffering and to deter this behavior in the courts, in the amount of $20,000,000.00 U.S. Dollars paid to Eaves who has suffered enough damages and injuries to his Rights and Liberties which no court Order or monetary amount could heal.

30) I reallege and incorporate by reference paragraphs 1-29 of the attached Affidavit of Michael Eaves, PX-2, And, the PX-1 returned complaint from 6th Circuit Executive

— Page 5 (c) —

## IV.   RELIEF

State exactly what you want the Court to do for you.  (If you seek relief which affects the fact or duration of your imprisonment (for example:  release from illegal detention, restoration of good time, expungement of records, release on parole), you must also file your claim under 28 U.S.C. §§ 2241, 2254 or 2255.)  The Plaintiff(s) want(s) the Court to:

✓ _See attached relief requested previous page, pg. 5(c)_

✓ award money damages in the amount of $ _See attached 5(C)_

✓ grant injunctive relief by _See Attached Paig 5 (C)._

✓ award punitive damages in the amount of $ _See attached page 5(c)_

✓ other _See Attached Page 5(C)_

## V.   DECLARATION UNDER PENALTY OF PERJURY
**(each Plaintiff must sign for him/herself)**

I, the undersigned, declare under penalty of perjury that the information contained in this document is true and correct. _I am not a corporation ;_

This _18_ day of _July_ , 20_22_   _All rights reserved without prejudice,_

_Michael Eaves_   7-18-22
_____
(Signature of Plaintiff)
_Michael Eaves (261472)_

_Michael Eaves on behalf of those similarly situated_
_____
(Signature of additional Plaintiff)   _(Title II ADA)_


_____
(Signature of additional Plaintiff)


I hereby certify that a copy of this complaint was delivered to the prisoner mail system for _Filing and_ mailing on _July 18, 2022_ ,

_and sent to the Clerk of the U.S.D.C. at Louisville, 601 W. Broadway rm 106 Louisville KY 40202_

_Michael Eaves_ 7-18-22
_____
(Signature)
_Michael Eaves - Plaintiff [261472] % 168 Lee Adjustment Center Drive Beattyville KY 41311_

_Tracking no. 7018-1830-0001-2089-4891_

6

Attached PX - 1

Returned
complaints of
Misconduct and attachmts
And
Response from
6th Circuit Executive
Marc Theriault



# UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

OFFICE OF THE CIRCUIT EXECUTIVE
503 POTTER STEWART UNITED STATES COURTHOUSE
100 EAST FIFTH STREET
CINCINNATI, OHIO  45202-3988

**MARC THERIAULT**
CIRCUIT EXECUTIVE

TELEPHONE: **513-564-7200**
FAX: **513-564-7210**

October 4, 2021

Michael Eaves
1612 Dawkins Road
P.O. Box 6
LaGrange, Kentucky 40031

Dear Mr. Eaves:

    This acknowledges receipt of your correspondence forwarded to me for consideration from the Clerk of Court. If you intend to file a formal complaint against a federal judge, your filing does not serve that purpose because it is not verified as required by Rule 6(d) of the Rules for Judicial-Conduct and Judicial-Disability Proceedings. Therefore, I am enclosing a complaint form and a copy of the Rules for Judicial-Conduct and Judicial-Disability Proceedings.

Please be advised that allegations directly related to a judge's rulings do not allege conduct cognizable in the complaint process pursuant to Rule 4(b)(1) of the Rules for Judicial-Conduct and Judicial-Disability Proceedings. Should you nonetheless want to file a complaint against any federal judge, please support your complaint with a *clear statement of your grievance* and the specific facts that form the basis of the complaint. Please also note that the brief statement of facts accompanying your complaint form is limited to five pages.

Sincerely,

/s/
Marc Theriault
Circuit Executive

Enclosures

MT/ab

RECEIVED

SEP 1 0 2021

DEBORAH S. HUNT, Clerk

Appendix

① Complaint against USCA for 6th Cir., Judge Rebecca Jennings, 9 page
and Karen K. Caldwell.

② Exh   PX-999                                    46 pages
Notice of filing in USDC at Lexington

Objections to 7-7-21 Orders Lexington USDC

SEP 10 2021

DEBORAH S. HUNT, Clerk

United States Court of Appeals for the Sixth Circuit
Case no. —————————
In re: Michael Eaves, v. Rodney Ballard, et al., case no. 5:17-CV-111-KKC, and,
Michael Lynn Eaves, v. Dayon Moon, et al., case no. 3:21-CV-00286-RGJ,
as filed in USDC at Louisville and USDC at Lexington, respectively, case 20-5021
I reallege and incorporate by reference all docket entries and attachments in these 2 cases.

# ✷ COMPLAINT ✷

Against Federal District Judges  Karen K. CALDWELL,
and Federal District Judge Rebecca G. Jennings; for their
willful and intentional actions described herein, that deprived Mr.
Michael Eaves (pro se) and others similarly situated of their rights and
liberties guaranteed by the laws and Constitution of the United States,
while these 2 Judge's actions were committed under color of law, and
an abuse of authority, and a violation of their Oaths & duties under 28 U.S.C.
§ 453, and a violation of Title 18 section 241 and 242 of the U.S.C.
In addition, these judges have exhibited bias and prejudice against
Mr. Eaves and those similarly situated offenders, showing favor to
the adverse parties in the aforementioned cases, a violation of
28 U.S.C. § 144, § 453. These Judge's actions having deprived Mr.
Eaves and others similarly situated of their rights while acting in their
individual and official capacities have irreparably harmed Eaves and
others rights and deprived them of relief requested in the above
styled civil actions. No judgment by court can cure these injuries
completely and these complaints are being made pursuant to 28 U.S.C.
§ 351 and Eaves directs review pursuant to 28 USC § 351, § 352, § 353,
§ 354, § 355 with addition prosecution being requested under Title 18 USC
§ 241, and 242, of these judges by the U.S. District Attorney, of the
United States, with this Court requiring the USDA to prosecute and
perform his duty, pursuant to 28 USC § 1361, and prosecute these multiple
officials to the fullest extent of the law. Eaves further requests all relief
requested in the aforementioned cases be granted and paid immediately
at the direction of this Court under 28 U.S.C. § 1651, § 1361, paid by the
United States Treasurer, and Eaves demands a Jury Trial to determine punitive damages.

— 1 of 9 —

that must be prosecuted by him, under 42 USC § 1983 within a year after the investigations are complete. If this Court will toll the limitations until then, These actions by Judge Karen K. Caldwell and Judge Rebecca G. Jennings committed under the cloak of their authority are a pattern and practice exercised in the 6th Circuit as these judges are in multiple seperate districts and their actions of depriving Eaves and others of their rights are similar in some aspects and exactly alike in other deprivations of rights belonging to Eaves and others similarly situated, that are provided by the Rules of Civil Procedure, laws and Constitution of the United States, and by God almighty. Eaves directs this Court to toll all time in these cases pending the outcome of the investigations and prosecutions herein demanded by rule and statute and he directs this Honorable Court to follow procedures of 28 USC § 3(b) regarding the effects of the felony convictions of these judges when they are convicted. Eaves further requests these cases be placed in abeyance and all statutes of limitations be extended to 1 year after all investigations are complete including the criminal investigation and prosecution under 18 USC 241, 242, and RICO Act. Eaves further directs this Court issue an Order to Compel the US Attorney General to investigate all claims, documents, and docket entries in both the aforementioned cases, as the US DOJ is the designated authority to investigate ADA disability discrimination and retaliation complaints, pursuant to the ADA Title II sect. 35, and Title II of the ADA applies to state prisons and inmates. see Mingus v. Butler, 591F.3d 474 (6th Cir. 2010). This Court may order the Attorney General to investigate under his duty pursuant to 28 USC 136J, and Eaves requests the Court do so pursuant to the rule of law. I, Michael Eaves am not a Corporation and I further aver and declare that,

2) I requested the Court at Lexington to refer my complaints of disability discrimination to the designated agency to be investigated and Judge Caldwell refused. The ADA Title II requires any federal agency who receives an ADA complaint to determine if it has jurisdiction under section 501 of the Act and if not, to refer it to the designated agency to investigate. ADA Title II sect. 35. Judge Caldwell's denial of the right to the investigation owed to me would have revealed evidence of pattern and practice disability

discrimination beyond what I already proved was occurring at NTC (Northpoint Training Center).

3) I repeatedly told the Judge (Caldwell) that I meant to sue Defendants in both their individual and official capacities and clearly explained how my complaint (D.E.10) Eares v. Ballard, et al., implied an individual and official capacity and I requested leave to amend after I found out my ADA claims had been dismissed and the Order was withheld by prison officials from me to prevent me from objecting.

4) I submitted an amended complaint and was denied. The judge (Caldwell) later claimed I never tried to amend my complaint, which was false and a Fraud.

5) I named the commission in my complaint that must indicate an official capacity complaint and the Judge Caldwell ignored it after I brought it and multiple other indictions of both individual and official claims, including pattern and practice throughout the Ky prisons. Judge Caldwell ignored the facts to help Defendants and the KDOC. This is explained throughout the case.

6) I requested signed but otherwise blank subpoenas from the Clerk of the Court at Lexington USDC, pursuant to FRCP 45(a)(3) and judge Caldwell helped Defendants by ordering the Clerk to deny his duty and Oath to issue them to me which sided Defendants who had lied in their sworn answers to interrogatories about only stripping Eares (me) one time by accident and lied again to say they had no knowledge of ever being under any investigation when the emails in D.E.10 between Brad Adams and Def, Hughes and Toelke are clearly an investigation and they knew it was one.

7) A judge can Order a government official to do their duty under their Oath but cannot order a government official (Clerk) to deny their duty. Multiple times I requested signed but otherwise blank subpoenas to show that Defi Toelke moved more than 1 person ahead of me into the honor program including Jeffrey Burgin and Louis Smith who were moved to bottom bunks in Dorm 1 honor program while I was left on the waiting list to get in the program, which denied me equal access to the program even further than making me wait

longer than everybody else who wasn't disabled and bottom bunk restricted.

8) Judge Caldwell ignored the facts that Def. Toelke stated in her (P.E.10) email to Brad Adams that she only skipped me once by accident but that I was next on the list for honor program when in fact William Smith signed up before me and because Toelke was caught; she lied and was willing to skip Mr. William Smith to cover it up, and Mr. William Smith was also bottom bunk restricted. I explained all this to Judge Caldwell

9) I also told the Court of Appeals about all this in case no. 20-5877 and they ignored it too. I asked for a hearing to Notice Facts under FRE 201 (c) 2 (e) and to be orally heard before the Court with a Motion to transport me to the hearing and I was denied the hearing. The USCA deprived me of the Notice of Facts and to be heard. The Clerk of the USCA received the 2 motions for Notice and Hearings on Nov. 2, 2020 and ruled on my case 20-5877 without a hearing or Notice.

10) The Supreme Court case that shows the judgment is void was presented to Judge Caldwell when I tried to re-open the case and she ignored it, which allowed the KDOC/Kentucky to receive federal funding with disability discrimination pattern and practice in it's prisons, and Judge Jennings denied me my rights to file a class action in Eaves v. Moon.

11) The ADA restricts federal funding to a public entity that violates the ADA and the USCA for the 6th Circuit aided Defendants and the KDOC to receive federal funding that was prohibited. I also notified Judge Rebecca G. Jennings through Notice to her Court and she did nothing about it. The 6th Cir. judges in the case (Appeal), Judge Caldwell, Judge Jennings, Officials at the KDOC, Ky. Justice and Public Safety Cabinet, and Defendants conspired together to cover up the discrimination because of disability that was shown to them so that the federal money could be fraudulently obtained, at the expense and extermination of my rights.

12) My credit is ruined, because a fraudulent judgment is against me and I must tell lenders this and they will deny me loans and as a real estate investor I cannot provide for myself without credit. The judges in the USCA and Caldwell and Jennings are to blame for my injuries because they knew fraud was occurring and did

-p. 4 of 9-

nothing but help, it occur at the expense of my rights and my
credit and the relief I requested (in O.E. 104) of Approximately
4 million U.S. dollars in Eaves v. Ballard, et al., and the forms of
disability discrimination are still in Ky prisons such as the 3%
minimum accessibility requirement is not met at LLCC where
I'm housed now because no cell door in the compound opens to
36" to allow for wheelchair access and there is not 30 cells
here that are wheelchair accessible a violation of the safeharbor (ADA).

13)    Inmates who are permanent wheelchair bound must be segregated to
another prison, another violation of the ADA.

14)    I have years of clear conduct and since I've opened Eaves v. Moon,
and attempted to re-open Eaves v. Ballard, KDOC officials have
put me in RHU 3 times in 2 months and made me stay almost
40 of 60 days in segregation, severely restricted to legal work and
mail and any outside resources such as family and attorney friends,
I was allowed 1 call per week early on saturday or sunday morning only.

15)    KDOC officials have moved me approximately 9 times to scatter
my legal work to prevent me from obtaining justice and I had to
seek protective custody from staff members but prison officials took 18
days to put me in PC after I first requested it. They only offered
it to me after I told them I sent a grievance to the Court in Eaves
v. Moon exh"S" Filed 7-13-21 requesting PC from staff. I learned
that between Aug. 10th, 2021 when I sent the 2nd Amended Complaint and
August 17th 2021 when I was finally given protection, I learned that
prison officials were creating a false story that I was asking for
protection from an inmate which was a lie because I already sent
the grievance requesting protection from 5 staff members, While in
PC, I was threatened by Dpty. Warden Napier who told me I better
not change the names on the PC investigation. They had changed
everything I said and removed the people's names I had already
told the Court (Jennings) I wanted protection from.

16)    Prison staff refused to write the truth into the computer and changed
my words multiple times. After Napier threatened me I didn't know what
to do so when the Warden talked to me I told her to please send me to WKCC

and I will go to the yard and sign your PC refusal. I had no choice because there was no cameras in the cell they had me in and there are cameras in the dorm wings so if they were going to hurt me there was a better chance of being on camera in my dorm.

17) My family knows about all this and they are the ones who checked the USPS tracking numbers for the registered mail the USCA 6th Cir. Clerk received on 11-2-20 containing 2 separate motions to Notice facts and request a hearing and transport me to the hearing to be orally heard and I called the case managers on my securus prison RECORDED phone account and 2 case managers confirmed receipt of my pro se motions and no hearing was held and no Notice was given of the facts showing multiple frauds in the case Eares v. Ballard, et al., and they ruled on the case anyway. I have 2 appeals docketed that will not be treated fairly.

18) The abuse of power under the color of law continued in Eares v. Moon, et al., when Judge Jennings ignored what was going on in Eares v. Ballard, I sent her Court Notice of what I was filing in the Judge Caldwell's Court explaining what was going on and what Caldwell was doing and she (Jennings) did nothing but help their cause by telling the Clerk to refuse me signed but otherwise blank subpoenas that I was entitled to pursuant to rule 45, and the Clerk had a duty to send them to me under the Clerk's oath and duties, further aiding Defendants in both cases.

19) Internal affairs Capt. Jesse Coombs threatened me on Aug 17th when I was finally taken into PC and he told me I'd never see Western Kentucky again after I asked him to please leave me alone. I just put in a transfer for WKCC and I'm getting away from you guys. He laughed at me and hinted that my point score was going way up and only so many places can hold high point score people. I'm thinking your going to Eastern again or maybe Lee County. This is where gang violence is prevalent against sex offenders and I've been nearly killed at Eastern. They intend to constructively get rid of me, and neither Court nor the Court of Appeals can be trusted.

20) Judge Jennings participated further by refusing my 2nd amended Complaint (Eares v. Moon) D.E. 26 because it wasn't on Court provided forms and the complaint was proper. She rejected the

2nd amended Complaint (D.E. 26) to protect and favor Defendants and she treated me completely differently than inmate Imoshia L. Duncan whose complaint was allowed to proceed by Judge Jennings as a handwritten complaint not on Court provided forms.

21) Mr. Duncan's case is case no. 3:19-cv-890-RGJ, Duncan v. Embree, et al, and his case that he is incarcerated for and my criminal case are different, with mine being a sex case and the only reason besides to allow Fraudulent funding to Ky., that I can see why Judge Jennings would treat me different than Duncan, which interferes with the ADA action and is discriminatory towards me, unfairly aiding the Defendants in the case, both judges have exceeded their legal authority and their capacity.

22) Judge Jennings violated my rights as did Judge Caldwell and my relief requested is my partial list of injuries that include monetary relief in Eaves v. Ballard, et al, estimated at #4,000,000.00 U.S. dollars, and in Eaves et al, v. Moon, et al, estimated at #2,000,000.00 U.S. dollars, and that is owed to me by them and the judges in the USCA who participated in the Fraud in these cases no. 20-5277, No Order or Judgment can fully restore the injuries to my rights, or the rights of others similarly situated, or the trust, faith, and rights of the injured taxpayers by these multiple government officials actions who conspired together to deprive me and others of their rights and taxpayer money, while acting under the color of law, in an organized manner, not un like organized crime syndicates operate, a complete abuse of authority, power, and neglect of duties, making a Kangaroo Court of the 6th Circuit.

23) These actions by all these judges, KDOC officials, Ky. Justice and Public Safety Cabinet Officials, and Margo Schlanger (was made aware and did nothing) are all capable of repetition but evades review, No other remedy is available. All conditions precedent occurred or were performed.

24) There are many more events but I'm hurt in my mind and it hurts me to write all this. I have nightmares, I'm scared, and I miss my family. They have hurt me in a way I will never heal. My mind, my brain, and my ability to support myself. My head and chest hurts constantly.

I declare the foregoing complaint to be true and Correct including all paragraphs 1-29 and I have personal knowledge of this information.

Anything that can be construed as a belief is something I believe to be true. I am not a corporation.

## ✕ Relief ✕

25) I request all relief that I requested in Eares v. Ballard, et al., (D.E. 10, 104) be paid to me by the U.S. Treasurer in the amount of $4,000,000.⁰⁰ U.S. dollars to indemnify me of my monetary losses in that case due to the USCA 6ᵀᴴ Cir. Judge's and Judge Caldwell's actions, and, the Court to direct the Treasurer pursuant to 28 USC 1361, and to issue payment, and,

26) I request all relief that I requested in Eares, et al., vs Moon, et al., (2ⁿᵈ Amended Comp) be paid to me by the U.S. Treasurer in the amount of $2,000,000.⁰⁰ U.S. Dollars to indemnify me of my monetary losses in that case due to Judge Jennings actions, and, the Court to direct the Treasurer pursuant to 28 USC 1361, and, to issue payment, and,

27) an Orders being issued in both cases for a stay of abeyance and to toll the clock to refile the complaints for 1 year after the requested investigations are completed by the USDA (District Attorney) and the U.S. Dept. of Justice, disability rights division, and, including every page of each case, I reallege and incorporate by reference all docket entries in Eares v. Ballard, and Eares v. Moon supra,

28) An Order that the Judgment in Eares v. Ballard, et al., is a void judgment and may be refiled up to one year after the conclusion of all investigations directed under the laws mentioned herein, and that a complete letter of findings be issued by the US DOJ for their ADA investigation that I was deprived of when Judge Caldwell never referred my complaints within the 180 day timeline, and suspension of duties of Judges Caldwell, Jennings, and the 3 judge panel in case 20-5277,

29) All other relief I am entitled to that is just, equitable, and proper. All rights reserved without prejudice including my God given rights, by the natural live man, Michael Eares   9-7-21

Michael Eares - [261472]
℅ LLCC, P.O. Box 6, LaGrange Ky 40031

This is Notice that I am an inmate confined in an institution and today I am depositing this complaint in the institution's legal mail system as filed and sent to the Clerk of the U.S. Court of Appeals, 100 E. 5ᵀᴴ St., Rm 540, Cincinnati OH 45202-3988,

− P. 8 of 9 −

and to Chief Judge R. Guy Cole Jr., USCA for the 6th Circuit, 85 Marconi Blvd., rm 255, Columbus OH 43215, today, Sept. 7th, 2021 and copy sent to the Attorney General of the United States, U.S. Dept. of Justice, 950 Pennsylvania Av. NW, Washington DC, 20530, and copy to the Ky. Attorney General Daniel Cameron at P.O. Box 2400 Frankfort Ky 40602, and to Ky. Secretary of State, 700 Capital Av. Ste. 152 Frankfort Ky 40601, all postage pre-paid either by me, or by the institution on my behalf. I declare the foregoing to be true and correct under penalty of perjury. All rights reserved without prejudice,

Michael Eans   9-7-21

Michael Eans [261472]
%o LLCC
1612 Dawkins Road,
P.O. Box 6
LaGrange Ky. 40031

Exhibit PX - 999

Notice of Filing in USDC at Lexington
Filed in Louisville USDC Eares v. moin

Objections to 7-7-21 Orders
filed in Lexington USDC Eares v. Ballard

Michael Eaves, et al.,
Plaintiffs, pro se.

v.
Dragon Moon, et al.,
Defendants.

United States District Court
at Louisville

Case no. 3:22-cv-00296-RGJ

NOTICE of Filing in the
USDC at Lexington (Objections)
FRE 201(c)(2),(e)

* * * * * *

1) Comes the Plaintiff Michael Eaves, to give this Honorable Court NOTICE the attached Objections with exhibits were filed in the U.S.D.C. at Lexington, case # 5:17-cv-111-KKC, Michael Eaves v. Rodney Ballard, et al., Plaintiff's rights were grossly violated as specified in the Objections and the case is related to this case before the Court in which events occurred outside the jurisdiction of the USDC at Lexington (events in Eaves v. Moon, et al., occurred in this Court's jurisdiction).

2) Plaintiff gives this Notice in the interest of justice and this and all other filings he has made with this Honorable Court were made in the interest of Justice and were made in good faith. The events described and evidenced in these Objections shows blatant disregard for the rules of the Court and laws of the United States by the USDC at Lexington and the 6th Circuit Court of Appeals, an issue sternly scolded by the U.S. Supreme Court in Jones v. Bock; 549 U.S. 199 (2007).

3) This is where the Courts were shown to have modified the rules of Federal Rules of Civil Procedure because they thought they were being "statesmen". Ultimately, the Supreme Court ruled the 6th Circuit Courts are positions and roles of servant type positions who must follow the rules and laws prescribed by legislation and the court rules without personal interpretations or modifications, id. multiple times in Jones v. Bock.

4) Plaintiff respectfully requests this Court Notice these 25 attached Objections with attachments pursuant to the Federal Rules of Evidence 201 (c)(2),(e). Plaintiff adds that he appreciates the professional and proper demand for jury trial posted on the docket in this case, something that was 5 times ignored and neglected in Eaves v. Ballard, et al.,. Most respectfully presented, by the natural, live man, who reserves all rights without prejudice,   _Michael Eaves_  7-13-21
                                                          Michael Eaves - Plaintiff

* Verification, Notice of filing and cert. of Service after Attachments

United States District Court
at Lexington

Michael Eaves, Plaintiff
Pro Se
v.
Rodney Ballard, et al., Defendants
Christian Toelke, Stefany Hughes
Defendants

Case no. 5:17-cv-111-KKC
OBJECTIONS to this Court's 7-7-21
ORDERS, denying Motion to re-open and
relief from Judgement - FRCP 60(b)(4), 6,
(d)(3); FRCP 44(a)(1)(A),(B)(ii); FRE 201(c)(2),(e);
1st, 5th, 7th, 9th, 14th Amendments to U.S. Constitution; ADA/RA

## ✳ OBJECTIONS ✳

1)    Comes now Plaintiff Michael Eaves, the natural live man, with these OBJECTIONS to this Court's Orders dated 7/7/21 and he requests this Court take mandatory Judicial Notice of these Objections and facts with evidence presented and schedule a hearing with Order and Order Plaintiff to be transported to said hearing to be heard concerning these facts pursuant to FRE 201(c)(2), and (e). Plaintiff requests Notice of All paragraphs and facts herein and any references of facts specified or incorporated by reference and or re-alleged. Eaves is not an Attorney and his Motions and Pleadings must be liberally construed. (PX-1)

2)    The attached exhibits PX-1 and PX-2, Motion for Mandatory Judicial Notice and hearing, and Motion to transport Eaves to hearing was filed on 10-26-20, and (PX-2) 2nd Motion for Mandatory Judicial Notice, hearing, and Motion to transport Appellant to hearing, and Motion to appoint counsel for hearing was filed on 10-29-20 with attachments A-L. Both exhibits PX-1 and PX-2 were filed with the timing benefits of FRAP 25(a)(2)(A)(iii) and sent registered mail to the Clerk of the 6th Circuit Court of Appeals (6th COA) 100 E. 5th St., rm 540, Cincinnati OH 45202-3988, postage prepaid. Pursuant to FRCP 44(a)(1)(A), and (B)(ii) and FRE 201(c)(2) and (e), Plaintiff requests this Court Notice the records of the U.S.P.S. on WWW.USPS.com that the tracking number 7018-1830-0001-2088-4977 (see attached copy of envelope to 6th COA clerk) shows it was received by the clerk on November 2nd 2020, one day before the 6th COA ruled on and against Appellant/ Plaintiff in case no. 20-5277, and no record exists of any hearing for Eaves to be heard orally at that Court as requested. Copy of the USPS green cards attached exhibits AA#1, AB#2 are stamped in the upper **left** corners on the bar code delivered 2nd Nov. 2020 and Plaintiff's securus recorded phone calls made to the case managers at the 6th Cir. COA confirms they received them on 11-2-20. Plaintiff
— P. 1 of 5 —

will present recordings at the FRE 201 hearing.

3) There was never any hearing scheduled in case no. 20-5277 Michael Eaves v. Rodney Ballard, et al.,.

4) The 6th COA ruled against Eaves without a hearing to be orally heard concerning the propriety of adjudicative facts and the Notice of them.

5) FRE 201 (e)(2) and (e) requires the Court of Appeals to take Notice of facts and a party (Eaves) is entitled to be heard on the propriety of taking Judicial Notice and the Nature of the fact to be Noticed. If the Court takes Judicial Notice before notifying a party, on request, the party is still entitled to be heard,.

6) Plaintiff Eaves is a party to this action. "A party can seek relief from a void judgement" FRCP 60(b)(4), see United Student Aid Funds v. Espinosa, 559 U.S. 260, 270 (2010) and, "a judgement is void if there is a violation of due process that deprives a party of Notice or the opportunity to be heard." United Student Aid Funds v. Espinosa at 271; Antoine v. Atlas Turner Inc., 66 F.3d 105,108 (6th Cir. 1995).

7) Plaintiff Eaves twice requested a hearing to be heard at the Court pursuant to FRE 201 (c)(2),(e) and his Constitutional Rights were deprived by the 6th Cir. COA when it ruled against Eaves without any hearing. The Court must follow the FRE 201 and it did not do so, violating Eaves' rights and making the judgment VOID. These actions by the Court are an abuse of authority under the color of law that deprived Eaves of his rights, a violation of the U.S. Constitution 5th and 14th Amendments and Title 18 USC section 242, and a fraud upon the Court, FRCP 60.

8) The state of Kentucky's ability to receive the record amounts of federal funding it received for Covid-19 relief would have been severely limited had it been shown to have disability discrimination within it's state prisons and upon information and belief, this is why the 6th COA rushed to dismiss and rule against Eaves, right before the money started rolling in.

- P. 2 of 5 -



9)    Upon information and belief, the officials at the Ky Dept. of Corrections (KDOC, the Ky. Justice and Public Safety Cabinet, the Executive Branch of Ky's state government, the U.S. District Court at Lexington, and the officials at the 6th Circuit Court of Appeals conspired together, in concert, in an organized manner, to criminally deprive Michael Eaves of his rights to hide the discrimination because of disability so that the federal finding could be fraudulently obtained.

10)    Plaintiff Eaves put Luther Luckett Correctional Complex and the KDOC on notice of legal action on 5-11-20 and requested suspension of all record destruction policies. See Michael Eaves v. Dayan Moon, et al., case no. 3:21-cv-00296 RGJ, Docket Entry 57 Record retention requests. (2 were filed and this Court received them DE 139).

11)    Injuries to Plaintiff Eaves include but are not limited to the fact that the fraudulently obtained judgment in this case must be reported to lenders when Plaintiff makes application for a loan as a real estate investor and will substantially affect his abilities to receive a loan, as a direct result of the due process violation and rulings of the 6th COA and this Court. This is irreparable injury to Plaintiff.

12)    The injuries to those seeking the protection of the ADA/RA in state prisons (Plaintiff) and the now "robbed" U.S. taxpayer are also irreparable injuries as a result of this fraudulently obtained judgment against Eaves who also requested appr. 4 million dollars in relief (D.E 104).

13)    Plaintiff Eaves is in prison and must rely on prison officials to get copies made. This Court is attempting to further defraud the Plaintiff and the U.S. taxpayer by not considering this fact and is evident on D.E. 139 #1 **** (copies received did not include full pages, #2 env. postmarked 5-14-21)(KJR).

14)    Plaintiff Eaves did refile his Pro Se complaint, corrected 2nd Amended Complaint. DE. 123.

15)    Plaintiff Eaves could not object to this Court's 8-07-2018 Order timely because he never received it in the period he could object. The Order was withheld to prevent Eaves' ADA claims from being corrected to include suing Defendants in their

individual and official capacities, as Eaves corrected in his 2nd Amended Complaint, DE 123. That Order was withheld by prison officials to prevent Plaintiff from objecting and correcting the issue, to continue to fraudulently receive federal funding.

16) Plaintiff Eaves has gone above and beyond extreme measure to defend his rights under the ADA/RA of 1973 and the U.S. Constitution as evidenced by DE's 1-148 in Eaves v. Ballard, et al., and Eaves v. Moon, et al., I reallege and incorporate by reference D.E.'s 1-148 Eaves v. Ballard, et al., as filed in USDX at Lexington, Ky. Case no. 5:17-cv-111-KKC and all Docket entries in Eaves v. Moon, et al., as filed in USDC at Louisville, Ky, Case no. 3:21-cv-111-00296-RGJ.

17) This Court further violated Plaintiff's rights when it directed the Clerk of the Court, a public official with an Oath, to refuse to (see D.E. 142) issue Plaintiff signed but otherwise blank subpoenas, in direct conflict with the Clerk's duties under FRCP 45(a)(3) and 28 U.S.C. 951 Oath of Clerk. As long as this case may be re-opened under FRCP 60 or any other rule, Plaintiff is a party who must be issued signed but otherwise blank subpoenas from the Clerk.

18) Question of law - Why does this Court refuse to stop violating Plaintiff's rights in this case and why does it not recognize that Defendants Toelke and Hughes lied in their interrogatory responses, that were submitted by Attorney who was obligated to protect Eaves from prison officials who abused their authorities and deprived Eaves of his rights under color of law?

19) This Court should re-open this case, appoint counsel to assist Eaves to amend his complaint and to file class certification, as is evidenced of pattern and practice disability discrimination in this case, and declare the judgment void, and to allow/demand subpoena of records under the rules of the Court.

20) Further injury to Plaintiff's rights is this Court's refusal to recognize Plaintiff's 5 separate DEMANDs for Jury trial (DE's 1,8,10,114,119) and he reluctantly participated in the "bench trial." Quote; [iii]

— P. 4 of 5 —

Attached PX-2

Affidavit of
Michael Eares

7 pages

Affiant
Michael Eaves
A Natural live man,
℅ 168 Lee Adjustment Center Drive
Beattyville Kentucky [41311]

7-18-22

## ✳ Affidavit ✳

i) I Michael Eaves, being of sound mind hereby declare the following to be true and correct under penalty of perjury. I have personal knowledge of this information. As for those things possibly construed as belief, I believe them to be true.

2) In October 2021 I received a response from a complaint I filed with the Circuit Executive (6th Circuit) Marc Theriault rejecting my complaint against Judge Karen Caldwell and Judge Rebecca Jennings stating that, "IF you intend to file a formal complaint against a Federal judge, your filing does not serve that purpose **because** it is not verified as reqqired by Rule 6(d) of the Rules for Judicial Conduct and Judicial-Disability Proceedings." end of paragraph.

3) In paragraph 24 of my complaint to the 6th Circuit against Caldwell and Jennings, 2nd line from bottom of page I stated, "..... I declare the foregoing complaint to be true and correct including all paragraphs 1-29 and I have personal knowledge of this information. Anything that can be construed as a belief is something I believe to be true. I am not a corporation.", and on page 9 of 9, in the last two sentence of the complaint I stated in writing, "I declare the foregoing to be true and correct under penalty of perjury. All rights reserved without prejudice,"

- page 1 of 7 -

and I signed the complaint, "Michael Eaves 9-7-21".

4) The Circuit Executive lied that my complaint was not verified. It is clearly verified on page 9 of 9.

5)   On July 19th 2021 Judge Rebecca Jennings denied my request/Motion to file my complaint handwritten and not on court provided Forms, after she had already allowed Emoshia Duncan to file his not on court forms, and allowed it to proceed as well, in case number 3:19-cv-P890-RGJ, Emoshia L. Duncan, V. Peter Embree, et al. Defendants as filed in the U.S.D.C. at Louisville. Duncan's sexual orientation is not that of a reformed sex offender and is not currently being sentenced for sex crimes.

6) Judge Jennings used her authority abusively under color of Federal law to deny me rights and liberties she had already granted Duncan who is not a sex offender or so oriented sexually, and who did not seek the enjoyment of the Rights afforded by the ADA and RA of 1973.

7) Judge Jennings position does not give the authority or jurisdiction to deprive me of my rights under color of Federal law, or to cause me extreme emotional distress with feelings of helplessness and nightmares as I suffer because of her actions. And,

8) I am a reformed sex offender and this is my sexual orientation, that which is included in the protections against discrimination in the U.S. Constitution and other laws of the United States, in Addition to the protections afforded me to protect against disability discrimination, or interference

- Page 2 of 7

in my seeking protection of the ADA and RA. And;

9) I am disabled, I am blind in my left eye; I have bi-lateral hearing loss and have 2 hearing aids, and I am diagnosed with severe bi-polar disorder, depression, and anxiety. I have limited, impaired vision in my right eye and I have no depth perception, I now suffer from EED and nightmares.

10) I am aware that Defendant Dagon Moon issues disciplinary reports to stop grievances at Luther Luckett Correctional Complex because he did it to me as both retaliation for my ADA complaints and to stop me from grieving the issue with the state and Moon is also a Defendant in Emoshia Duncan's case and apparently did the similar pattern and practice to Duncan according to court records I read.

11) Dagon Moon is also listed as a Defendant in Nolan v. Patterson, et al. no. 3:19-cv-935 that was dismissed.

12) Timothy Nolan is a former judge and attorney with experience as such and could not prosecute a claim against Moon in the Louisville Court. Nolan's sexual orientation is that of a reformed sex offender, and was not capable of prosecuting his claim in the court.

13) Any reasonable person will conclude that people whose sexual orientation is that of a reformed sex offender will never get equal protection of the law in front of Rebecca Jennings and the Circuit Executive will aid her in her deprivation of my rights and others

- page 3 of 7 -

similiarly situated who file in the Louisville U.S.D.C.

14) On July 15th 2022 I filed another complaint with the Circuit Executive. After thinking about my former complaint to him, I filed a lawsuit against Rebecca Jennings in her individual capacity for depriving me and others similiarly situated of our rights, under color of federal law; abusing her authority by denying me the same liberties, Rights, and access to the Court as she allowed Duncan, who is not a person who is sexually oriented as a sex offender, nor was Duncan's complaint one of disability discrimination and retaliation that could stop federal funding to the tyrants at LLCC, or the KDOC, like my complaint would.

15) Large sums of money are involved in these actions to stop my complaints of disability discrimination that is pattern and practice in Ky.'s prisons and records show the Circuit Executive, judge Jennings, judge Caldwell, have aided the KDOC and it's officers in an organized manner to hide the abuses and violations of the ADA and U.S. Constitution and other laws to allow them to fraudulently obtain federal funding.

16) Judge Karen Caldwell refused to subpoena bed move records of Jeffrey Burgin for 2016 at Northpoint Training Center because it will show that Defendants Toelke and Hughes did not make a mistake as claimed in their affidavits and they skipped me multiple times to get in the honor dorm because I was bottom bunk restricted. Caldwell knew this, and covered it up to protect Defendants in Eaves v. Ballard, et al.

Because Federal funding would have stopped going to the prison. The facts are on the record and judge Caldwell and Judge Jennings aided Defendants with their fraudulently obtaining Federal Funding, in an organized manner.

17) In Eaves v. Ballard, et al., Defendant Toelke did more move than one person ahead of me for the honor dorm bottom bunks including Jeffrey Burgin, Louis Smith, Both these were moved into bottom bunks in dorm 1 at NTC pre honor dorm before me and Smith wasn't bottom bunk restricted and Burgin signed up after me. Judge Caldwell knew this fraud meant my case wins and federal funding would be stopped so she refused to subpoena the records of bed moves and then Ordered the Clerk to not send me subpoenas to get the records.

18) Title 18 sections 242, and 241 apply to officials who deprive rights under color of law and conspire to do so, The RICO Act also applies where multiple government officials conspire in an organized manner and commit crimes, under color of law where large sums of money are involved.

19) I serve out my sentence in July/August 2023 and LLCC Jesse Coombs (Internal affairs) told me I would never see Western Kentucky Again,

page 5 of 7

20) On October 3rd 2021 I called my dad who was a retired correctional officer and he had previously asked me to put in for a transfer to WKCC so I would be safer and to get me away from LLCC because Dad feared for my safety. When I told my dad on 10-3-21 that they transferred me and I won't see him till I get home, my dad killed himself after we got off the phone.

21) The actions of Defendants in Eaves, et al., v. Moon, et al., disturbed my father and he had told me before to drop my complaints because "they will kill you"; and as a retired correctional officer he would know. The judges and Defendants in both cases share liability for the extreme emotional distress placed on me and my dead father.

22) The day before my dad's remains were placed in a military plot overlooking Kentucky State Pennitentiary, my sister was found dead of fentenyl poisining and is under investigation. The death of my dad pushed my sister to take pills to ease her stress and somebody gave her poisoned pills.

23) Had judge Caldwell and judge Jennings respected my rights and liberties in both cases, and sought true justice regardless of my sexual orientation being a reformed sex offender, chances are good that my dad and sister would still be alive.      - page 6 of 7 -

24) On September 8-2021 the office of the U.S. Attorney General received my timely ADA complaint at U.S. Dept. of Justice 950 Pennsylvania Avenue, NW Washington DC 20530 against the Judges and I've yet to receive a response. Tracking number for delivery is 7018-1830-0001-2089-7090 and showing received/stamped Sept. 08 2021, for the ADA Complaint. And,

25) The U.S. DOJ. is the designated agency for investigating ADA Complaints; and must issue a letter of findings and I've heard nothing from the DOJ.

26) Any reasonable person would ask how far does this go?

All rights reserved without prejudice by the Natural live man,

Michael Eaves          7-18-22

Michael Eaves - Affiant

— Verification —

I declare under penalty of perjury that the foregoing is true and correct. I'm not a corporation.

Michael Eaves    7-18-22

Michael Eaves
℅ 168 Lee Adjustment Center Dr.
Beattyville KY 41311

— page 7 of 7 —

EXh - PX - 3
Certified Mail Receipt
of Complaint to
US DOJ
received sep 8 2021

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

U.S. Attorney General
U.S. Dept. of Justice
950 Pennsylvania Av. NW
Washington DC 20530

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 6189 0220 9150 98

2. Article Number (Transfer from service label)
7018 1830 0001 2089 7090

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

DICE

SEP 0 8 2021

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ____ed Mail
☐ ____ed Mail Restricted Delivery
   ($500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                    Domestic Return Receipt

Exh - PX - 4

2nd Amended Complaint that was not allowed to be handwritten not on court forms,

(Eaves had to amend Complaint in the Hole)
(no resources in Hole which is why Defendants in case kept putting Eaves there in retaliation for the complaints)

United States District Court
at Louisville

Michael Lynn Eaves, other similarly
situated individuals,

Plaintiffs - Pro Se

v.

Dagon Moon, Richard D. Lilly,
Cookie Crews - Commissioner of the
Ky. Dept of Corrections, Sarita
Scheenbuchler, Scott Jordan,
Laura Plappert, Amy Robey, John Dunn
Defendants

civil action no. 3:21-cv-296 RGJ

**2nd**

*AMENDED COMPLAINT*

42 U.S.C. Section 1983,
American's with Disabilities Act,
Rehabilitation Act of 1973, Universal Human Rights
Fed. Rules of Civ. Proc. 60 (b)(3),(4),
and FRCP 60 (d)(1),(3), 1st, 5th, 8th, and
14th Amendments to the U.S. Constitution
NOTED: 5-13-21  6-18-21

2nd Amended Complaint ~

## I. Jurisdiction and Venue

1) This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation under color of law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2) The United States District Court is an appropriate venue under 28 U.S.C. section 1391(b)(2) because it is where the events giving rise to this claim occurred.

## II. Plaintiff

3) Plaintiff, Michael Lynn Eaves, #261472 is and was at all times mentioned herein a prisoner of the state of Kentucky, a ward of the state, in the care and custody of the Kentucky Department of Corrections. He is currently confined in Luther Luckett Correctional Complex in Labrange Kentucky. Plaintiff is not a corporation.

— page 1 of 30 —

## III. DEFENDANTS

4) Defendant Daron Moon is the Special Services, Legal Services, and Grievance Coordinator Officer for Luther Luckett Correctional Complex and at all times mentioned herein was assigned to LLCC.

5) Defendant Richard D. Lilly is an attorney for the Kentucky Department of Corrections having a fiducial responsibility and Duty to the KDOC and the protection of it's interests as part of the agency relationship with the KDOC Legal Services and the KDOC, and at all times mentioned herein was assigned to the KDOC Legal Services.

6) Defendant Cookie Crews is the Commissioner of the KDOC and at all times herein was responsible for the KDOC and was assigned to Commissioner of the KDOC, and has the ability to change policy in the KDOC.

7) Defendant Scott Jordan was the Warden at LLCC at the time of being notified of Defendant Daron Moon's actions in letter dated 5-22-20. Mr. Jordan was responsible for his duties as Warden of LLCC.

8) Defendant Laura Plappert was the Deputy Warden at LLCC at the time of being notified of Defendant Moon's actions in letter dated 5-22-20, and was responsible for the duties of Deputy Warden at LLCC.

(a)
9) Def. Sarita Schoenbachler is a nurse for ~~Correct Care Systems (CCS)~~ WELLPATH at LLCC and at all times mentioned herein was assigned to LLCC.

(b) Defendant Amy Roberg is the current Warden at LLCC.

(c) Defendant John Dunn is the current Ombudsman for the KDOC, and was in contact with Defendant Moon during and regarding events mentioned herein.

(d) Each Defendant is sued individually and in his/her official capacity. At all times mentioned in this complaint each Defendant acted under color of state law.

page 2 of 30 -

(e) Defendant Kevin Drake is captain at LLCC who aided Def Moon in write-up Exh A and retaliations against Plaintiff on 6-15-21.

- page 2 of 30 -

## III.   FACTS

10) On 5-19-20 at approximately 1:45 pm., which is one day after Plaintiff Michael Eaves filed grievance # 20-455 Exhibit E against Defendant Da120n Moon; and while in the office of Defendant Moon at LLCC, Defendant Moon abused his authority under the color of law when he arbitrarily, actively, willfully and intentionally denied Plaintiff Michael Eaves access to the prison's outgoing legal mail system and the inmate filing benefits of the system to lawfully mail correspondence to the Secretary of State of Washington, a public official by definition and to Cody Pittman, healthcare administrator at LLCC, a prison official, And,

11) 3 times that day Defendant Moon denied Plaintiff Eaves access to the legal mail system to correspond to these officials even though pre-paid postage was affixed to the legal mail as camera footage in that office will show, And,

12) Da120n Moon's statements in Exhibit A, DR# LLCC-2020-0001187 and Exhibit A Memorandum to Plaintiff Eaves confirm Eaves' denied access to the prison's legal mail system, And,

13) Inspection of Outgoing Legal mail is not required if prepaid postage is affixed to the envelope at LLCC. And,

14) Only outgoing legal mail requiring a CPO for postage to be paid from an inmate's account requires inspection to verify. And,

15) Even though postage was affixed to both envelopes that day; Plaintiff has never denied the officers to inspect the mail to the officials or denied any officer ever to inspect any of his outgoing legal mail whether privileged or regular legal mail. And,

- page 3 of 30 -

16) Upon information and belief, Defendant Moon's actions were retaliation against Plaintiff Eaves because of Eaves' protected conduct of filing Exh. E grievance number 20-455 against Defendant Moon for Moon's actions of disclosing Plaintiff's private medical records to inmates without consent, and

17) Defendant Moon was given written and oral instruction to not allow grievance aid access to exhibit H, Grievance # 20-441 on 5-15-20 in Defendant Moon's office, on camera. And,

18) Def. Moon disregarded the instruction and gave the grievance (Exh. H) to the grievance aid anyway on 5-18-20, with Eaves' 5 pages of attached medical records, And, Eaves has now redacted the records for the court. And,

19) During the events described in Exh. A description of incident, Defendant Moon omitted the fact that each time Def. Moon asked Eaves a question, when Eaves tried to answer, Mr. Moon said stop arguing and threatened Eaves with disciplinary action for arguing, multiple times. And,

20) In Def. Moon's office on the day Exh. A DR report was issued, upon information and belief, Defendant Moon was interrogating Plaintiff Eaves to force Eaves to argue with him so he could lock Plaintiff up for non-violent demonstration, which is why Plaintiff stopped trying to explain that the mail had postage on it and did not require inspection per posted policy. And,

21) Eaves did tell Def. Moon that the letters to the Inspector General and Cody Pittman (Defendant) were complaints against him (Moon). And,

22) When Plaintiff would not become non-compliant with Def. Moon, Def. Moon started making erroneous statements about legal mail and privileged mail to further incite PL. Eaves to say something wrong to get Eaves "locked up" in segregation and remove Eaves' clear conduct. And,

23) Mr. Moon (Def) kept switching topics in his questioning to PL. Eaves to get Eaves to argue a fact of one type of legal mail to make Eaves argue that it applied to the other type of legal mail. And,

24) See Exh. A sentences #7, 8 of description of incident, Moon stated, "I asked you if you knew the definition of legal mail, and you stated that you did."

— Page 4 of 30 —

After that question to Plaintiff, Def. Moon changed the subject to (sentence) give me the definition of "Privileged" mail; a type of mail that has attached to it some form of agency relationship between Principal and Agent (Atty-client) see exh. A sentence 8 in description of incident, Def. Moon stated, "I then read you the definition for **privileged** mail as shown above," which is why PL. Eaves told Def. Moon he was construing the definitions wrong. Defendant Moon's tone was harsh and Plaintiff Eaves was intimidated in a way that caused me to have fear for my safety, And,

25) Defendant Moon continued to escalate his attacks even though PL, Eaves was fully compliant and refused to argue with Defendant Moon. Eaves feared for his safety so much because of the verbal assault, that he could only ask for his mail to be sent out "legal mail" and at no time did PL. request any privilege with the mail. PL. had 2 times previously at the beginning of the meeting offered to discuss the differences of privilege and legal mail with Def. Moon and PL. Eaves was threatened with a disciplinary action for arguing which made PL. Eaves fear for his personal safety and Liberty. Def. Moon even stated that Plaintiff told him the letter to the inspector general was a complaint against Moon and so was the letter to Cody Pittman. And,

26) Plaintiff Eaves had just filed Exh. E grievance 20-455 against Def. Moon for giving PL. Eaves' medical grievance to inmate grievance aids and Moon was intent on punishing Plaintiff Eaves for filing the grievance, evident by his actions in the meeting and the issuance of DR#LLCC-2020-0001187 Exh. A, which was dismissed because Plaintiff did nothing wrong. And,

27) Camera footage will show that Def. Moon had PL. Eaves' mail in his hand and on his desk and he could have looked at it at any time to resolve whatever issues he had with the mail. And,

28) This type of harassment and intimidation from Def. Moon is common practice at LLCC and is especially fierce when the person(s) are claiming protection of their Federally protected conduct and rights such as disability discrimination in Exh. H grievance 20-441 that Defendant Moon

– page 5 of 30 –

gave to the inmate grievance aids without permission and express request not to give to the aids because of the nature of the 5 pages of attached medical records. And,

29) The reason that officer C. Roark was present in the meeting with Def. Moon and Pl. Eaves was because Eaves had been previously harrassed by Def. Moon many times and made many complaints against Moon and Def. Moon's retaliations are known to Plaintiff so when Def. Moon requested to meet with Eaves in his office, Plaintiff feared for his safety and on the way to Def. Moon's office Pl. Eaves asked officer Roark to go with him because Eaves was not comfortable being alone with Mr. Moon because of his prior targeting of Plaintiff Eaves with his harrassment and verbal assaults on Eaves; and his rights and liberties. And,

30) Defendant Moon neglected to mention facts in DR. report Exh. A including Mr. Moon threatening to throw away Plaintiff's legal mail and Plaintiff said, "You can't throw away my legal mail. It has U.S. Postage on it and it's protected". And,

31) This is when Def. Moon first yelled at me to "leave. Get out!" Plaintiff immediately complied and walked outside his office door and then asked officer Roark to please retrieve my mail for me and Def. Moon yelled at Plaintiff again to, "Get out! Get out of the building Now!" And,

32) These assaults upon me even though I was compliant at all times scared me badly and made my head hurt and my heart to race even more. And,

33) Upon information and belief, Defendant Moon did deny Pl. Eaves access to the outgoing legal mail system as a retaliation and to hide what he had done to Pl. Eaves by preventing the mail from leaving through legal mail, denying Plaintiff the benefits of the legal mail system that shows proof of service to Cody Pittman (Def.) and the Secretary of State of Washington. And,

34) Defendant Moon further denied Pl. Eaves access to the legal library when Pl. Eaves

— Page 6 of 30 —

complied with Def. Moon's order to leave his office and then ordered Eaves to leave the Academic building for no reason other than Pl. Eaves was filing complaints against Def. Moon. See exhibits I, K, complaints to Mrs. Cody Pittman and the Inspector General of the Cabinet for Health and Family Services. And;

35) These events were on camera and Def. Moon's evil attacks on Pl. Eaves causes Plaintiff to have recurring nightmares and headaches because of these actions and events in Def. Moon's campaign of harassment against Pl. Eaves. See Exh E headache treatment diary. And;

36) All of these events were on camera and Plaintiff sent Exh. E record retention requests to the prison ILCI records department for preservation of these records. And;

37) Both envelopes to the Secretary of State of Washington and to Cody Pittman & medical had postage affixed to them and were returned to Plaintiff Eaves that evening of 5-19-21 via institution mail. And;

38) Because Eaves brought a guard with him to prevent Def. Moon from doing what he wanted to Pl. Eaves further than what he did, Mr. Moon issued Eaves a disciplinary report (Exh. A) and denied Pl. Eaves proof of service for his 2 letters to public officials with that day forever gone. And;

39) Defendant Moon failed to mention the letter to Cody Pittman in Exh A except that in the memorandum to Plaintiff, Exh. A, Moon stated, "I have enclosed **both** of your rejected envelopes" in the last paragraph of the memorandum. And;

40) It is common practice to deny outgoing legal mail access to Plaintiff and other similarly situated individuals when sending mail to prison officials at the prison where the mail is going to so that inmates will be denied proof of service of the mail to that prison official. And;

41) Upon information and belief, The 3 main reasons Defendant Moon continues to harrass and intimidate Plaintiff Eaves are, (a) Eaves' complaints and grievances against Def. Moon such as and including Exh. E grievance #20-455, (b) because Eaves filed ADA grievances and refuses to drop case Eaves v. Ballard, et al., against Moon's fellow

correctional employees; (C) Defendant Moon targets me because I filed grievance
no 20-441. Exhibit H, against Sarita Schoenbacher to get my hearing aid fixed
and other grievances to get my aid repaired. And,
4a)   Defendant Moon issued Ex A disciplinary report to Plaintiff as part of his
pattern and practice to use grievance mechanism rules to deny Plaintiff Eaves
and others their rights to grieve issues that are protected by the U.S. Constitution
whereby when Defendant Moon deprived Plaintiff of his rights and liberties, he then
issues a disciplinary report that makes the issue non-grievable whether
or not it is dismissed as is the situation in this case. This practice
"hides" criminal retaliations and other misconduct of prison staff by
keeping it hidden from the grievance mechanism as happened to Eaves
in this case by being denied access to the grievance process with the write-up. And,

43)   This regular practice is evidenced by Exh. B, Affidavit of former
grievance aid who worked for Dagon Moon (Defendant) before he was released
from prison, namely Xander St. Croix, Affiant: Quote, [My name is
Xander St. Croix, affiants and I worked as a grievance aid/legal assistant at
Luther Luckett Correctional Complex under Dagon Moon in 2019, 2020. While
I was there I was encouraged to manipulate inmate grievances to protect
prison officials and certain grievances were not allowed to proceed, as well
as being told to discourage inmates from filing reasonable grievances on
valid issues. These issues included but were not limited to disability/discrimination.
Mr Moon also issued or coordinated disciplinary reports with other staff
members against inmates to render grievances "non-grievable." I declare
under the pains and penalties of perjury that the foregoing is true and
correct, and, I am of sound mind, I am over the age of 21, I am not a
corporation; and I have personal knowledge of this information. Affiant:
(signature of Xander St. Croix) 5-12-20, Xander St. Croix #259232; address:
C/o Luther Luckett Corr. Complex 1612 Dawkins Road, p.o. box 6 Labrange
Ky. 40031] end quote. Plaintiff requests this Court to Notice paragraph 43 pursuant
F.R.E. 2016(2). And,
44)   Grievance #20-441, Exh H was filed against Defendant Nurse Sarita Schoenbachler
because she overrode Plaintiff's prior Doctor's orders for 2 bilateral

hearing aids. She did this to prevent Plaintiff from getting his right hearing repaired after it was damaged. And;

45) Defendant Schoenbachler is a nurse and does not have the authority to override Plaintiff's medically prescribed hearing aids that were issued to Plaintiff at the start of Plaintiff's suit against Defendants in Eaves v. Ballard, et al.; filed in the U.S. District Court at Lexington. And;

46) Plaintiff Eaves attached 5 pages of medical records to Grievance 20-441 Exh. H and gave that grievance to Defendant Moon on 5-15-20 in his office with instructions to keep it private; which he did not, giving rise to Plaintiff filing grievance #20-455 against Defendant Moon. And;

47) Plaintiff re alleges and incorporates by reference paragraphs 1-12 in the 2 page Affidavit of Michael Eaves attached to grievance #20-441 Exh. H. And;

48) Because Defendant Moon gave grievance #20-441 to the inmate grievance aids with medical records attached, against written and verbal instruction not to, Plaintiff could not proceed with grievance 20-448 without his personal information being disclosed. And;

49) Filing grievances and using the prison's outgoing legal mail system is protected conduct under federal law, and, protected by the Constitution. And;

50) Defendant Dayon Moon did deny Plaintiff 3 times (see Exh N) the access to the outgoing legal mail system at LLCC on 5-19-20, for Plaintiff's lawful protected conduct to correspond with prison officials and public officials. And;

51) Plaintiff never claimed any privilege nor has ever denied any officer the inspection of his incoming or outgoing mail, including letters to attorneys. And;

52) Defendant Sarita Schoenbachler was made aware of Exh. M that requires the KDOC to repair Plaintiff's broken hearing aid and

— Page 9 of 30 —

she neglected her duty and overrode Plaintiff's doctors orders that were attached to grievance 20-441 Exh. H denying repair to Plaintiff's right hearing aid, And,

53) Def. Schoenbachler attempted to circumvent the rule requiring the repair of Plaintiff's hearing aid by ordering a new "test" for Eaves to somehow try to say Eaves only needed one hearing aid, which contradicts Eaves' medical records for prescribed bilateral hearing aids (2). Eaves was forced to take the test that was irrelevant to repair of his hearing aid, And;

54) The policy of giving only 1 aid to the hearing impaired is discriminatory and treats Plaintiff and other similarly situated persons differently than those who are visually impaired, who are issued lenses for both eyes, even though they have only one eye that is not blind, as is the case with Plaintiff Eaves who is prescribed 2 lenses for his glasses, And, upon information and belief, to prevent undue hardship, scrutiny, or causing that person to look different than other people who wear glasses, And,

55) Defendant Moon tried to hide his actions and Defendant Schoenbachler actions by, (a) giving Plaintiff's private medical information to inmate grievance aids to injure Plaintiff in a way to defer a grievance and, (b) issuing a disciplinary report to Plaintiff to prevent Eaves from grieving the outgoing mail issue, and (c) attempting to remove Plaintiff Eaves' honor status because of all his complaints concerning the ADA and because Eaves filed grievance # 20-445 Exh. E against Def. Moon, And;

56) Dayon Moon (Defendant) deprived Plaintiff Eaves of the first step he must take to proceed to protect his rights as a prisoner. And,

57) upon information and belief, it is a miscarriage of justice to allow the deprivation of inmate's rights to go unpunished when that deprivation is committed under the color of law, by government officials who are abusing their authority, such as in this case, and then preventing Plaintiffs from grieving it. And

58) Inmates don't usually send drugs from prison to the Secretary of State of Washington through outgoing legal mail. And,

59) Many government agencies refer crimes committed through the U.S. Mail Postal Service to the Postal Inspector General, who has jurisdiction, with outstanding results, And,

60) The KDOC struggles to keep drugs from coming into prisons through staff and incoming mail. And,

61) Plaintiff Eaves does not buy, sell, or use illicit drugs and has many years of clear conduct, and would have perfect clear conduct had he not been extorted and beaten by other inmates and then issued disciplinary reports for being a "victim" for lack of a better term. And,

62) Def. Moon's statements concerning the differences of "legal" and "privileged" mail shows possible lack of training as worded in DR #LLCC-2020-0001187 Exh A and shows he was attempting to provoke a negative response from Plaintiff. And Moon is the prison's Special Services Coordinator, in charge of the legal library operation, however, any reasonable person could see that Mr. Moon knew exactly what he was doing based on his job position, experience, and training, And,

63) The officer who dismissed DR #LLCC-2020-0001187 Exh A told Plaintiff Eaves that Eaves did not do anything wrong. And,

64) Upon information and belief, Defendant Moon's concentration of training is not focused on protecting the rights of Plaintiffs, but more in line as an obstructionist to prevent the rights of inmates (Plaintiff), but more in line with training as an obstructionist to prevent the rights of inmates (Plaintiffs), from being protected against the deprivation of their unalienable rights, namely Plaintiff's in this case, And,

65) Defendant Dagon Moon and the other Defendants have a duty to protect Plaintiffs rights; and a duty to care, and a duty to act when they are made aware of these actions in this complaint. And,

66) Defendant Attorney Richard Lilly was made aware of some of Def. Moon's actions through court filings in civil action 5:17-cv-111-KKc and case no. 20-5277 as filed in the U.S. District Court at Lexington and the U.S. Court of Appeals for the 6th Circuit, repectively. And;

67) Defendants Moon and Lilly were made aware that 3 times in a 6 month period, during litigation of Eaves' ADA civil action, that prison guards opened Plaintiff Eaves' locked cell door while Plaintiff was away so that other inmates could rob Plaintiff during the course of Plaintiff suing correctional officers at NTC. And,

68) Plaintiff did file grievances all 3 times but Defendant Moon obstructed the procedure and even refused to accept the second grievance so Plaintiff presented it to the Grievance committee chairperson who signed it. See exh. O Grievance of Robbery on 10-12-19 that was included in grievance #19-763 filed on 10-25-19 Exh.P. concerning non-response to the 10-12-19 grievance, And,

69) Plaintiff requests this Court to take judicial Notice that the Grievance Committee Chairperson Jesse Catlett wrote, "Provided during grievance committee 11-27-19 (signature) Jesse Catlett," and that Defendant Moon evaded recieving the grievance that was mailed to him on 10-14-19, And, given to him again by the grievance committee. And,

70) This is why Def. Moon has denied Plaintiff Eaves access to outgoing legal mail, so that there is no proof of service to prison officials like the unmentioned rejected letter to Cody Pittman in Exh A , And,

80) Plaintiff Eaves requests this Court to take Judicial Notice pursuant to FRE 201(c)(2) of facts in paragraphs 69, 70, 78 And,

82) Def. Moon did mention in the last paragraph of memorandum to Plaintiff (Exh. A ) that he was returning both rejected letters and Def. Moon

— Page 12 of 30 —

never stated who the other rejected letter was to. And,

73) Upon information and belief, Defendant Moon was hiding that information from Cody Pittman (Exh. J) because Moon did give Plaintiff's medical records to the grievance aid, and camera footage will show that Plaintiff held the medical records up so the camera (Exh. H) could see, and that Eaves was handed the grievance by grievance aid Gary Acree, who told Eaves he has to say whatever Moon tells him to because he don't want a "difficult" sentence. And,

74) Plaintiff Eaves still wakes up shaking with fear and headaches that is serious harm and pain in his brain because of the constant torment inflicted by the many actions of Defendant Moon and other conspiring prison officials. And,

75) After making Defendant Lilly aware of what was going on, he joined in the events by neglecting his duty to act when fraud upon the court is known. And,

76) Upon information and belief, prison officials will continue to harm Plaintiff Eaves because of his complaints, up to the point of changing Eaves' surroundings to the point he cannot survive the conditions, without intervention by the Court. And,

77) No reasonable person could win a civil action under the circumstances inflicted upon Plaintiff, and he lost the case as a result of the injuries inflicted to his brain by the Defendants

78) Plaintiff also suffers from a fear and difficulty speaking to any guard or person of authority, with no peace, because of the campaign of harrassment coordinated by the Defendants. And,

79) Defendant Richard Lilly, Attorney for the KDOC and an officer of the Court, had clear evidence sent to him of these actions and events committed by Def. Moon and other prison officials and Lilly failed to protect Plaintiff, or the integrity of the court by neglecting his duty to **act**, betraying his duty to the Plaintiff, the KDOC (Principal), and the U.S. District Court at Lexington Ky. And

80) Defendant Richard Lilly is an attorney for KDOC Legal Services and represents the interests of the KDOC with an agency relationship carrying fiducial responsibilities. And,

81) When Plaintiff Michael Eaves was sentenced in June 2013, he was remanded to the **care** of the KDOC, as a **Ward** of the state of Kentucky. And,

82) The KDOC is **charged** with the **duty** to protect Plaintiff Eaves because of the severely weakened legal status created by the condition of incarceration. And,

83) The KDOC derives it's income almost entirely from caring for inmates. And,

84) Inmates are the greatest financial interest of the KDOC. And,

85) The **duty** imposed upon the KDOC to care for **Ward** of State Plaintiff Eaves, who is (KDOC) under the **charge** of the state of Kentucky, includes providing housing, **care**, and **protection** to Plaintiff Michael Eaves, and other similiarly situated individuals. And,

86) Defendant's Represent the KDOC through extensions of their employment and or fiducial agency agreements. **All Defendants owes** protection to ward of state inmate Plaintiff Michael Eaves. And,

87) Defendant Lilly has a higher extraordinary **duty** to protect Plaintiff Eaves because of his fiduciary **agency** relationship with the KDOC, And,

88) Defendant Moon is a subagent to the KDOC. And;

89) Defendant Lilly has a duty of Candor. And he violated it by his inaction.

90) All Defendants have a duty to act and they neglected it when they
did nothing concerning the events herein. And,

91) Defendants Moon, Lilly, and Cookie Crews have a duty of care
owed to the KDOC and to Plaintiff Eaves, who is under the
charge of their principal, The KDOC. And they neglected it. And

92) Defendant Dayen Moon's actions to deny Plaintiff Eaves access to the prison's
outgoing legal mail system and then to issue a disciplinary report, Exh A,
to deny Plaintiff Eaves access to the grievance mechanism, is an abuse of authority
under the color of law, depriving Plaintiff of his rights and liberty to
exercise protected conduct, and is evil and on purpose, and is evidence
of the pattern and practice exercised by Def. Moon. And,

93) Defendant Dayen Moon's actions to deny Michael Despain access to
the prison's legal computers and then to issue a disciplinary report
#LLCC-2020-0001196 Exh. Q, to deny Mr. Despain access to the
grievance mechanism is an abuse of authority under the color of law,
depriving Mr. Despain of his rights and liberty to exercise protected
conduct, and is evil and on purpose, and is evidence of the
pattern and practice exercise by Defendant Moon. And,

94) Plaintiff Michael Eaves respectfully requests this Honorable Court
to take Judicial Notice of these facts in paragraphs 92 and 93
with supporting evidence presented, pursuant to F.R.E. 201(c)(2). And,

95) Defendant Richard Lilly was also aware that in civil action 5:17-III-KKC
Eaves v. Ballard, et al, that Defendants Christian Toelke and Stefany
Hughes lied in their sworn statements and answers to Pl. Eaves'
interrogatories #6. See exhibit O Motion to compel... paragraph 5,
and compare to Defendant's (Toelke and Hughes) answers to interrogatory #6, exh. D . And,

96) Plaintiff Eaves sent the attached complaint, Exh. C, to Captain Tracey
Neitzel of NTC internal affairs on April 13th, 2017 via the Northpoint
Training Center legal mail system, stamped by the legal Mail/library officer

and an investigation ensued where inmate Charlie Kirkland was disciplined for pursuing a relationship with Defendant Stefany Hughes. And, Toelke and Hughes both told the court they hadn't been under investigation. And, (certificates of service, Court records) - Exh.

97) Defendant Richard Lilly did receive the information in paragraph's 95 and 96, and he knew they lied to look good and to deceive the Court and Plaintiff Eaves. And, He neglected his duty to Act. And,

98) Plaintiff Eaves requests this Court to take Judicial Notice of the facts presented in paragraphs 95, 96, and 97, pursuant to FRE 201(c)(2), with supporting evidence presented. And,

99) The U.S. District Court at Lexington and the U.S. Court of Appeals were also made aware of the evidenced lies by Christian Toelke and Stefany Hughes as mentioned herein; and both Courts ignored these facts, which allowed the fraud to escape justice in that case. And,

100) Plaintiff Michael Eaves does not waive any of his God given or his Constitutional Rights, which are   unalienable, and without the ability to have his rights defended in the Federal Courts, not only would he lose, but every citizen will lose. And,

101) Plaintiff Eaves suffers from dehabilitating headaches from the injuries to his brain caused by Defendants Moon and Lilly's actions and inaction mentioned in this complaint including repeated robberies (Exh O). And,

102) Upon information and belief, because the 1st Amendment claims and violations rarely, if ever, result in physical injuries such as Plaintiff Eaves has, construction of the PLRA against recovery of damages would defeat congressional intent and render constitutional protections meaningless, if section 1997e(e) is applied to foreclose recovery in First Amendment claims and actions for those who are similarly situated individuals, it would place the 1st Amendment itself on shaky ground constitutionally if recovery of damages is not allowed, And,

103) The 9th Circuit Court of the U.S. Court of Appeals has ruled that the deprivation of 1st Amendment Rights entitles a Plaintiff to judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred. Therefore, §1997 e(e) of the PLRA does not apply to 1st Amendment claims regardless of the form of relief requested/sought. And,

104) Plaintiff Eaves suffers from debilitating headaches and loss of sleep (sleep deprivation) as a direct result of the campaign of harrassment inflicted intentionally upon him by Defendants as specified in these claims. And,

105) Any reasonable person could derive Plaintiff's injury claims to be true, should they see the 3 videos that were requested to be preserved concerning Eaves' cell being repeatedly robbed with guards opening the door so it could happen to Plaintiff Eaves. And,

106) Plaintiff Eaves can never recover the lost benefits he was denied on 5-19-20, including the benefits of the "Prison Mailbox Rule" for proof of mailing and other benefits, an assault on his liberty. And,

107) Plaintiff previously earned over $150,000$^{00}$ a year. And;

108) Defendants' Moon, Schoenbachler, and Lilly have caused Plaintiff to fear anyone with authority including bosses who Plaintiff now fears are going to hurt Plaintiff at the first opportunity, because of these 3 Defendants' actions against Eaves. And,

109) Plaintiff Eaves knows his own body and his family members will attest that the injuries to Plaintiff's brain has changed him and Eaves cannot maintain a "normal life" for the duration of his natural lifetime as a result of the injuries and abuse of authority inflicted upon Eaves by Defendants Moon, Schoenbachler, and Lilly's actions. And,

110) Plaintiff Eaves will never trust any person with authority again because of Defendants' actions and abuse of authority mentioned herein. And,

111) The physical injury to Plaintiff's brain are permanent due to the Defendants' actions or neglect to act. And,

- page 17 of 30 -

112) Plaintiff Eaves has notified the supervisors of Def. Moon throughout the last 2 years, including telling Internal Affairs, Deputy Warden Barker, Deputy Warden Pleppert, Warden Scott Jordan, and Warden Amey Robey what Defendant Moon and Schoenbachler were doing to Plaintiff and no one stopped them. See Exh's I, J, K, L. And,

113) Any reasonable person will see that Defendant's actions or inactions were a vicious, evil, and malicious attacks on Plaintiff and his unalienable rights/liberties that removed Plaintiff's ability to prosecute his ADA/RA claims in civil action Michael Eaves v. Rodney Ballard, et al., 5:17-111-KKC. And,

114) These irreparable injuries and actions from Defendants as described herein, as well as the Defendant's evil actions against Plaintiff Eaves and other similarly situated persons are capable of repetition but evades review. And,

115) Plaintiff previously informed the U.S. District Court at Lexington of certain frauds upon the court and resulted in Plaintiff lodging a complaint against the Court with the U.S. Dept. of Justice. And,

116) The common practice Defendant Moon used to deprive Plaintiff Eaves of the grievance process is visible in Exh. Q, DR#LLCC-2020-0001196, issued on 5-20-20; with attached letter ᵀᴼ ᴹᴿ· ᴰᵉˢᵖᵃⁱⁿ to Attorney Amy Robinson Staples, and grievance number 20-466 (Exh. Q), that shows Defendant Moon did read a letter to an attorney from an inmate requesting representation in his case. And,

117) ᵁᵖᵒⁿ ⁱⁿᶠᵒʳᵐᵃᵗⁱᵒⁿ ᵃⁿᵈ ᵇᵉˡⁱᵉᶠ, Defendant Moon violated Michael Despain's rights when he read the letter to the attorney and when he posted the letter in the DR report (Exh. Q). And,

118) Defendant Moon denied Mr. Despain the ability to grieve Mr. Moon's deprivation of rights the same way he denied Plaintiff Eaves, which was to issue a disciplinary report to remove the ability to grieve issue. See grievance #20-466 against Def. Moon Exh. Q. And,

119) Plaintiff was also issued a DR report (Exh A) on 5-19-20 which is one day after Plaintiff filed grievance #20-455, Exh E, against Moon. And

120) If Plaintiff had filed a grievance over the denial of the grievance mechanism, any reasonable person could see these facts show Eaves would be further harmed for filing against Grievance Coordinator Defendant Dagen Moon who;

121) upon information and belief, was intent upon keeping his actions from the prying eyes of the grievance mechanism. And,

122) The threat of another Disciplinary report or worse, being issued to Plaintiff Eaves prevented Eaves from filing the deprivation of the grievance process complaint because Defendant Moon had already abused his authority under the color of law by his actions evidenced herein and Def. Moon did not hesitate to inflict wrongful harm upon Plaintiff Eaves and other inmates. And,

123) The letters between inmates and attorneys are PRIVILEGED that concern requesting assistance of counsel and discussing criminal cases. And,

124) Def. Moon did read the letter to the attorney in Exh. Q attached to the DR report he issued, And,

125) Def. Moon issued the DR report #LLCC-2020-0001196 to Michael Despain to stop Despain's grievance rights and deny him access to the grievance mechanism to redress his complaints. And,

126) Exh. A, DR#LLCC-2020-0001187 issued to Plaintiff Eaves and Exh.Q., DR#LLCC-2020-0001196 are issued very close together and shows a pattern to deny grievability of issues, Plaintiff requests the court to Notice these facts pursuant to FRE 201(c)(2), and facts in Exh. B Affidavit of Xander St.Croix

127) Upon information and belief, similar DR report was issued to Christopher Applegate to remove his rights to grieve Defendant Moon's actions. And,

128) On 5-18-20 Defendant Dagen Moon gave Plaintiff's confidential medical records that were attached to grievance #20-441 Exh H, to inmate grievance aid

Gary Acree even though Plaintiff gave verbal and written instruction to not allow access to grievance aids. And,

129) Defendant Moon received Exh. H grievance 20-441 from Plaintiff on 5-15-20 with 5 pages of Plaintiff's relevant medical records attached to it and told verbally and expressly written not to share the grievance or attachments with inmate grievance aids. And,

130) These events on 5-15-20 and 5-18-20 were on camera and when Plaintiff was handed the grievance (Exh. H) by inmate Gary Acree on 5-18-20, Eares showed the camera the documents to prove the inmate was given the Plaintiff's medical records from Def. Moon. And,

131) Officer William Baker #275 also witnessed the inmate being given access to and possession of Plaintiff's medical records and Plaintiff requested Baker to file a report against Defendant Moon. And,

132) Exh H, grievance 20-441 was against Defendant Sarita Schoenbachler and was claiming unfair treatment concerning Plaintiff's hearing impairment, An ADA/RA issue. And,

133) Defendant Moon stepped up his attacks on Plaintiff because of the ADA complaint because he was aware that Plaintiff was suing in Eares v. Ballard, et al., his fellow corrections officers, and because he was caught breaking the rules in the events described in Exh. E grievance #20-455, where Moon gave Plaintiff's medical records to inmates. And, Upon information and belief,

134) Plaintiff did appeal the non-grievable status to both the Administrative Healthcare and Commissioner even though the grievance was non-grievable. And

135) Plaintiff has a right and liberty interest to file grievances of medical nature without sensitive medical records including social security number and relatives addresses being disclosed by prison officials. And,

136) Plaintiff's headaches and nightmares are irreparable injuries to Plaintiff's brain and are injuries that cannot be prevented or fully rectified by a final judgment following a trial and cannot be undone by award of monetary damages. And, there is no adequate remedy at law and, effective legal relief cannot

be obtained without filing multiple lawsuits, And,

137) The injury Plaintiff faces outweighs the injury that would be sustained by the Defendants as a result of Injunctive relief, And,

138) The injunctive relief would not adversely affect public policy or the public interest, And,

139) Plaintiff has suffered actual irreparable injury that is imminent for the rest of his natural life, And,

140) Enforcement of section 1997 (e)(e) of the PLRA to foreclose Plaintiff and other similarly situated individuals 1st Amendment Claims in this case violates the Plaintiff's Rights protected by the 1st Amendment and would render the 1st Amendment unconstitutional or place it on shaky constitutional ground, And, constitutes abridging the freedom to redress to government, a violation of the 1st Amendment, And,

141) Plaintiff Eaves is not an attorney and must rely on the court to liberally construe his complaints and Pleadings. And,

142) Plaintiff Michael Eaves has standing and capacity to file the suit, and,

143) The amount in controversy exceeds $75,000.00 excluding interest and costs. 28 U.S.C. §1332(a), And,

144) Upon information and belief, Plaintiff Eaves presented clear evidence in Eaves v. Ballard, et al, that Def.'s Toelke and Hughes made fraudulent statements in their sworn answers to Eaves' interrogatories to illude the court to believe they were model employees, when the facts show otherwise. This includes their denial of ever being under investigation when in fact, the emails between Brad Adams, Hughes, and Toelke in D.E. 10 ; 69, were evidence that an investigation was ongoing. This is in addition to Exh. C letter to Tracey Neiteel that resulted in an investigation into Stefany Hughes' bed moves for Charles Kirkland. And,

145) Plaintiff Eaves stated in his complaints to the U.S. Dist. Court at Lexington that inmate Jeffrey Burgin was moved to the honor program before Eaves and that was the reason Deputy Warden Adams was investigating Hughes' and Toelke's bed moves.

—page 21 of 30—

These emails Plaintiff received through open records were redacted even though, upon information and belief, Brad Adams was referencing inmate Burgin's bed move. And,

146) when Pl, Eaves received information that Toelke had admitted skipping Eaves by moving another inmate by "mistake", this made Eaves and the court at Lexington aware of another bed move that skipped Eaves besides Jeffery Burgin. And,

147) Before Plaintiff Eaves filed civil action Eaves v. Ballard, et al., Jeffrey Burgin gave Eaves his honor dorm acceptance form because he was upset that he had to give up his bottom bunk disability card so he could be moved to the honor dorm quicker and he knew Christian Toelke had moved him in front of Plaintiff Eaves. And,

148) Plaintiff Eaves complained to NTC Deputy Warden Brad Adams of the denial of equal access to the honor program because of my disabilities via letters attached to D.E.'s 1, 8, 10 in Eaves v. Ballard, et al., that were sent to Adams via outgoing legal mail system at NTC and he started the investigation with emails to Christian Toelke and Stefany Hughes, in other words, they lied when they said they had never been under investigation in answers to interrogatories, a fraud upon the court. And,

149) Plaintiff Eaves made Defendant Richard Lilly aware of these facts and he did nothing except continue to represent Hughes and Toelke, who had abused their authority under the color of law, when Mr. Lilly had a duty to protect Plaintiff Eaves, a ward of the state and great interest to Mr. Lilly's principal, the KDOC. This is a fact that is evidenced through court filings and certificates of service of these filings showing Mr. Lilly neglected his duty and responsibilities to his principal. And,

150) Upon information and belief, Mr. Lilly was acting upon higher orders to shut down Plaintiff Eaves' complaints of disability discrimination because these complaints jeopardize the receipt of federal funds for prisons that are non-compliant, and Defendant Grievance Coord. Dagon Moen was part of that plan, as were the officers who opened Eaves' cell door... And

— page 22 of 30 —

151) Mr. Lilly had a duty when he was made aware of the Fraud upon the court by Toelke and Hughes and he neglected it, injuring the court, the KDOC, and Plaintiff Eaves irreparably. And,

152) Plaintiff Eaves did send the attached letter to Cody Pittman at LLCC to make him aware that Dayon Moon gave plaintiff's medical records to the inmate grievance aids (Exh. J.), and,

153) Mr. Moon admitted in DR#LLCC-2020-0001187 (Exh A) that he did send the letter to the inspector general, which, unknown to Moon was a copy of everything sent to Cody Pittman plus a letter to the I.G. see Exh. K, who then emailed it to the Justice Cab. In other words, upon information and belief, They all got it, and did nothing about it. See emails Exh R. And,

154) Because Defendant Schoenbachler refused to follow repair policy (Exh. M) to repair the hearing aid of Plaintiff; Eaves suffers from equilibrium imbalance and dizzy spells when wearing only one aid for hearing amplification. And,

155) Defendant Dayon Moon did attempt to falsely imprison Plaintiff in segregation, an abuse of authority when he issued DR#LLCC-2020-0001187 to Plaintiff Eaves as evidenced by these facts and the fact the disciplinary report Exh A was dismissed, And Plaintiff requests this court to take Notice of this paragraph pursuant to FRE 201(c)(2). And, I reallege and incorporate by reference pages 1-3 of attached Request for TAO as supplement to this complaint;

## IV. Exhaustion of Legal Remedies

156) Plaintiff filed grievances that were either declared non-grievable, or appeals to commissioner unanswered, or both,

157) Plaintiff Eaves was issued a disciplinary action/report for incidents involving outgoing mail to the Secretary of State of Washington and he did not file a grievance pursuant to Kentucky CPP 14.6, "Disciplinary procedures, Adjustment Committee decision, Unit Hearing Officer decisions, Incident where the grievant received a disciplinary report and report has been dismissed, NON-GRIEVABLE."

158) The dismissed DR#LLCC-2020-0001187 Exh A issued to Plaintiff Eaves made the whole incident NON-GRIEVABLE, Through no fault of Plaintiff Eaves.

V. LEGAL CLAIMS

159) Plaintiff Michael Eaves realleges and incorporates by reference paragraphs 1-158. All conditions precedent were performed or occurred.

160) The conduct (and misconduct) of Defendants as mentioned herein, irreparably injured Plaintiff and his rights, and liberties including depriving him of his rights, and liberties all while the Defendants were abusing their authority under the color of state law, including but not limited to the following:

161) Defendant Dagon Moon's denial of Plaintiff Eaves' access to the Prison's OUTGOING Legal Mail system violated Plaintiff's rights and constituted, (a) denial of freedom to exercise, (b) deprivation of liberty, which are violation of the 1st, 5th, and 14th Amendments to the U.S. Constitution.

162) Defendant Dagon Moon's denial of access to the prison's Outgoing legal mail system's **benefits** violated Plaintiff Eaves' rights and constituted deprivation of property, a violation of the 5th and 14th Amendments to the U.S. Constitution, and constitutes fraud upon the court, a violation of FRCP 60(b)(3).

163) Defendant Dagon Moon's denial of access to the prison's outgoing legal mail system and it's benefits, and allowing Plaintiff to be repeatedly robbed with guards opening Plaintiff's cell door constituted (a) harrassment, interference, threats and intimidation; and retaliation against an ADA/RA complainant, and (b) fraud upon the Court, and (c) cruel and unusual punishment, violations of the 1st, 5th, 8th, and 14th Amendments to the U.S. Constitution, and violation of the ADA Title II section 35.134.

164) Defendant Dagon Moon's issuance of a disciplinary report for lawful protected conduct violated Plaintiff Eaves' rights and constituted (a) cruel and unusual punishment, (b) deprivation of liberty, violations of the 5th, 8th, and 14th Amendments to the U.S. Constitution.

165) Defendant Dagon Moon's issuance of a disciplinary report to Plaintiff for lawful protected conduct violated Plaintiff Eaves' rights and constituted (a) a due process violation, and (b) abridging the rights of the people to petition the government to

redress grievances, violations of the 1st, 5th, and 14th Amendments to the U.S. Constitution.

166) Defendant Moon's issuance of a disciplinary report for protected lawful conduct to render Defendants' misconduct non-grievable in the prison's grievance mechanism violated Plaintiff Eaves' rights and, (a) constitutes abridging the right of the people to petition the government to redress grievances, and (b) deprivation of liberty, and, (c) cruel and unusual punishment, and (d) a due process violation, violations of the 1st, 5th, 8th, and 14th Amendments to the U.S. Constitution.

167) Defendant Dagon Moon's issuance of a disciplinary report to attempt to harm Plaintiff's clear conduct status violated Plaintiff Michael Eaves' rights and constitutes (a) harassment, interference, and retaliation against an ADA/Rehab complainant in a court proceeding, and (b) cruel and unusual punishment, (c) deprivation of liberty to be free from such conduct, and are violations of the 5th, 8th, and 14th Amendments to the U.S. Constitution, and a fraud upon the court, a violation of FRCP 60(b)(3), and the ADA Title II, 35.134

168) Defendant Richard Lilly's neglect of duties as an attorney (fiduciary), and as an officer of the court after he was made aware of prison officials acts mentioned herein violated Plaintiff Eaves' rights and constitutes (a) neglect of duties, and (b) aiding and abetting the deprivation of Plaintiff's rights, and (c) deprivation of liberty to be protected as a Ward of the state, violations of the 1st, 5th, 8th, and 14th amendments to the U.S. Constitution.

169) Defendant Richard Lilly's neglect of duties as an attorney and as an officer of the court after he was made aware of prison officials actions mentioned herein, violated Plaintiff Eaves' and the Kentucky Dept. of Corrections (KDOC) rights and constitutes (a) deprivation of property, (b) deprivation of liberty, violations of the 1st, 5th, and 14th Amendments to the U.S. Constitution.

170) The Defendants actions (or inaction) in this case violated Plaintiff Eaves' rights and constitutes Fraud upon the court, a violation of FRCP 60(b)(3).

171) These Multiple government officials Defendants actions or inactions herein, as evidenced herein, when made aware of prison officials misconduct, violated Plaintiff's rights and constitutes, (a) multiple government officials conspiring to deprive Plaintiff's rights, (b) cruel and unusual punishment, violations of the 8th amendment to the U.S. Constitution, AND U.S.C Title 18 Sections 241, 242 which cannot be prosecuted by Plaintiff and must be referred to the U.S. District Attorney for prosecution.

172) These Multiple government officials Defendant's acts of conspiring to deprive Plaintiff's rights and interference in an ADA/RA court proceeding violated Plaintiff Eaves' rights and the KDOC's rights and constitutes, (a) breach of duty, (b) deprivation of property, violations of the 5th and 14th Amendments to the U.S. Constitution,

173) The requirement under the PLRA requiring physical injury in 1st amendment claims where physical injuries are rare, violates Plaintiff's rights and constitutes a law abridging the freedom of the people to petition the government for a redress of grievances, a violation of the 1st Amendment to the U.S. Constitution and deprivation of liberty; a violation of the 14th Amendment to the U.S. Constitution.

174) Defendant Moon's actions of disclosing Plaintiff Eaves' private medical records to inmates violated Plaintiff's rights and constitutes a HIPPA violation; a failure to protect injury; a violation of the 5th, 8th, and 14th Amendments to the U.S. Constitution.

175) Defendant Moon's retaliations for grievance #20-455 (Exh E) as evidenced herein, violated Plaintiff's rights, and constituted (a) deprivation of liberty, (b) deprivation of property, (c) deprivation of due process, and (d) cruel and unusual punishment, violations of 1st, 5th, 8th, and 14th Amendments to the U.S. Constitution.

176) Defendant Moon's action of declaring grievance 20-455 Exh E non-grievable violated Plaintiff's rights and constitutes abridging the freedom to petition the government for redress of grievances, a violation of the 1st Amendment to the U.S. Constitution.

177) Defendant Dagon Moon's act of issuing a disciplinary report because someone filed a lawsuit and because someone filed a grievance against him is retaliatory and violated Plaintiff's rights and constitutes the deprivation of Liberty, and due process, violations of the 5th and 14th amendments to the U.S. Constitution and cruel and unusual punishment, a violation of the 8th Amendment.

178) Defendant Nurse Sarita Schoenbachler's act of denying repair of Plaintiff's Dr. issued right hearing aid violated Plaintiff's rights and constitutes (a) denial of serious medical need, (b) unnecessary and wanton infliction of pain due to Plaintiff experiencing equilibrium problems and dizziness with only 1 hearing aid, (c) deliberate indifference to Plaintiff's serious medical needs violations of the 5th, 8th and 14th Amendments, and disability discrimination for treating Plaintiff different than those with glasses; an ADA violation and RA of 1973 violation.

179) Defendants Scott Jordan, Laura Plappert, Amy Robey, and John Dunn, and Cookie Crews' inaction when made aware of the events herein violated Plaintiff's rights and constitutes (a) failure to protect, (b) neglect of duty, (c) due process violation; violations of the 5th, 8th, and 14th amendments to the U.S. Constitution.

180) All Defendants wrongful actions or inactions herein violated Plaintiff's rights and constitutes deprivation of rights under the color of law, a violation of U.S.C. Title 18 sections 241, 242 and Plaintiff requests this court refer to the U.S. District Attorney with directions to prosecute to the fullest extent of the law.

181) The Plaintiff Michael Eaves has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the Defendants unless this Court grants the declaratory, injunctive, and other relief which Plaintiff seeks.

182) All conditions precedent were performed or occurred.

## VI. PRAYER FOR RELIEF

183) Wherefore, Plaintiff respectfully prays that this Honorable Court enter Judgment granting Plaintiff:

184) A declaration that the acts and omissions described herein violated Plaintiff's Rights under the Constitution and laws of the United States.

185) A preliminary and permanent Injunction Ordering Defendants and the KDOC to cease their campaigns of harassment against Plaintiff and all other similarly situated inmates, or similar narrowly drawn order with same effect.

186) A preliminary and permanent Injunction Ordering the KDOC to refer crimes concerning drug trafficking through the U.S. mail to the U.S.P.S. Inspector General for investigation and prosecution, and to allow only prison staff to handle and process mail, and to require training for handling LEGAL MAIL, or similar narrowly drawn Order with same effect that protects the rights of inmates and liberties.

187) A preliminary and permanent Injunction Ordering that the requirement of physical injury for punitive damages under the PLRA be unenforceable against these claims of 1st Amendment violations of the U.S. Constitution in this case, or similar narrowly drawn Order with same effect that protects Plaintiff's rights and protects the 1st Amendment to the U.S. Constitution.

188) An Order directing the U.S. District Attorney to investigate and prosecute the abuse of authority and deprivation of rights claims, as well as obstruction of justice, or similar narrowly drawn Order with same effect to protect Plaintiff's rights and liberties.

189) Compensatory damages for a nominal 10 percent of the total lost income Plaintiff must endure from his release in 2023 until his retirement age of 69 in 2042 as a result of his permanent injuries, in the amount of $15,000.00 per year for a total of $285,000.00, against each Defendant, jointly and severally.

190) Compensatory damages sufficient to treat Plaintiff's injuries medically for the rest of his natural life, or similar narrowly drawn Order to ensure treatment of Plaintiff's injuries.

191) Punitive damages in the amount of $1,500,000.⁰⁰ against each Defendant, jointly and severally.

192) A preliminary and Injunctive Order requiring The KDOC to immediately repair Plaintiff's right hearing aid ($250.⁰⁰) at "Hear's to You" in Louisville Ky (because that company has the mold for Plaintiff's ear already).

193) A jury trial on all issues triable by jury.

194) Plaintiff's costs in this suit.

195) Plaintiff's costs in case Michael Eaves v. Rodney Ballard in The amount of $3900.⁰⁰

196) An Order overturning Judgment in case Michael Eaves v. Ballard et al., for fraud upon the Court, FRCP 60(b)(3), and Order new trial in that case.

197) An Order preventing KDOC staff and officials from issuing disciplinary actions and reports to inmates to prevent inmates from grieving issues, or similar narrowly drawn Order having the same effect.

198) Any additional relief this Honorable Court deems just, proper, and equitable.

This complaint has been executed by Michael Eaves at Labrange Kentucky on this day, the 13ᵀᴴ day of May, 2021. and 18ᵀᴴ of June 2021.

Respectfully Presented,
All rights reserved without Prejudice,

_Michael Eaves_   6/18/21        _Michael Eaves_   5-13-21
                                    Michael Eaves - Plaintiff

✗ Verification ✗

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct and I am over the age of 21, I am not a corporation. Executed at LaGrange Kentucky on the 13ᵀᴴ June day of May 2021 by:
_Michael Eaves_  5-13-21 , Michael Eaves, ℅ LLCC, 1612 Dawkins Road, P.O. Box
_Michael Eaves_  6-18-21,  LaGrange Kentucky, 40031.

— page 29 of 30 —

✱ Notice and Certificate of Service   U.S.P.S. Cert.# 7018-1830-0001-2086-4092
                                              #7018-1830-0001-2086-4085

This is to give notice and certify that the foregoing complaint with attachments
incorporated by reference has been filed using the "Prison mailbox rule" and sent to the Clerk of the U.S.
District Court at Louisville, 601 West Broadway, Rm 106, Louisville, Kentucky 40202
via postage prepaid registered U.S. Mail, on this day the 13th day of June May 2021.

6-18-21 /s/ Michael Eaves     Michael Eaves     5-13-21

Notice of inmate Filing and            Michael Eaves - Plaintiff
Demand For Jury Trial, 7th Amend,      56 LLCC
✱ FRCP 38, After EXIBITS.              1612 Dawkins Road, P.O. Box 6
                                        Labrange Kentucky 40031

I Reallege and incorporate by reference all exhibits and attachments of the 1st Amended Complaint
Exh. A-R and ✱ APPENDIX of ATTACHED EXHIBITS X
                  The Motion to supplement dated 6-18-21 (attached)
EXH-A - Disciplinary Report DR#LLCC-2020-0001187, and memorandum
        Letter from Dayon Moon to Michael Eaves ————— Total - 4 pages
EXH-B - Affidavit of Xander St. Croix ——————— Total-1 page
EXH-C - Complaint to Capt. Tracey Neitzel, IA, NTC ——— Total -2 pages
EXH-D - Docket Entry (09 case Eaves v. Ballard, et al., — Total -52 pages
EXH-E - Grievance #20-455, and final Appeal to Healthcare Admin.
        and sent to Commissioner ————————— Total - 3 pages
EXH-F - 2 records retention requests with copy of envelope — Total- 5 pages
EXH-G - Headache diary for treatment of Headaches ——— Total - 1. page
EXH-H - Grievance 20-441 Defendant Moon gave to Griev. Aids — Total - 9 pages
EXH-I - 5-22-20 letter to Dep. Warden Plappert, Commissioner Cookie
        Crews, Warden Scott Jordan, Ky Inspector General for the
        Cabinet for Health and Family Services ————— Total - 5 pages
EXH-J - Letter to Cody Pittman, CC Insp. General Ky Cab. for
        Health and Family Services
                                        ———————— Total - 3 pages
EXH-K - Letter to IG of Ky Cab. for Health and Family Ser. (Exh. J also was attached)-1 page
EXH-L - 6-12-20 letter to Dpt. Warden Plappert and CC.Com. Crews — Total - 5 pages
EXH-M - Video Maintenance of Auxiliary aids and services
                                        ———————— Total - 1 page
EXH-N - ADA Title II section 35.134, retaliation, interference, or coercion - Total - 1 page
EXH-O - Grievance 19-763 over Def. Moon refusing to Acknowlede
        grievance Plaintiff Eaves filed over guards opening his cell to be robbed - 8 pages
EXH-P - Grievance Dayon Moon refused to acknowledge receipt of until
        much later, then he said it was non-grievable. ————— Total - 1 page
EXH-Q - Grievance 20-466 Filed by Michael Despain on 5-19-20,
        DR# LLCC-2020-0001196 issued to M. Despain, with letter
        to Attorney Attached ————————————— 8 pages
EXH-R - Emails from/to Ky. Cabinet for Health and Fam. Services, Justice and Public Safety - 4 pages
                                        (KDOC parent company)
EXH-S - 6-18-21 Motion for TRD; page 30 of 30 —

United States   District  Court at

Louisville , Western District of Kentucky

Civil action no. 321:21-CV-296

| | |
|---|---|
| Michael Lynn Eaves, et al, <br> Plaintiff <br><br> V. <br><br> Dagan Moon, <br> Richard D. Lilly, <br> et al, <br> Defendant(s) | ✳ DEMAND ✳ <br> for <br> JURY TRIAL, <br> and Clerk directed to <br> Docket as JURY TRIAL <br> FRCP 38 pursuant <br> Noted: 5-28-21 |

✳  ✳  ✳  ✳  ✳  ✳

Comes now Plaintiff Michael Eaves pursuant to FRCP 38(a),
to preserve his right of trial by jury as declared by the Seventh
amendment to the Constitution, as is preserved inviolate, and,
he hereby demands a trial by jury on all issues triable of right
by a jury. FRCP 38(b). Plaintiff requests the honorable Clerk to
designate on the record this case as a jury trial.

Respectfully presented,
All rights reserved without prejudice,

Michael Eaves           5-28-21

Michael Eaves - Plaintiff

This is to certify that the foregoing Demand for Jury trial has
been sent via U.S. registered mail to the clerk of the U.S. District
Court at Louisville, 601 W. Broadway, Rm 106 Louisville Ky 40202,
along with the complaint, on this day, the 28th day of May, 2021
by Michael Eaves , Michael Eaves, %o LLCC, 1612 Dawkins Rd.
P.O. Box 6 LaGrange Ky 40031.

# FORM  B

AO 440 (Rev. 12/09) Summons in a Civil Action

## UNITED STATES DISTRICT COURT
### for the

Michael Eaves, et al.,
_____
*Plaintiff*

)
)
)
)      Civil Action No.  3:22 CV 374 DJH
)
)
)

v.

Rebecca Jennings
_____
*Defendant*

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Rebecca Jennings - judge
℅ U.S.D.C. at Louisville
601 W. Broadway Rm 106
Louisville KY 40202

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
    on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
    _____ , a person of suitable age and discretion who resides there,
    on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
    designated by law to accept service of process on behalf of *(name of organization)* _____
    _____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

United States District Court
at Louisville

Michael Eaves, et al.,

v.

Rebecca Jennings, judge

Case no. _3:22CV374 DJH_

DEMAND FOR JURY TRIAL
and Clerk directed to docket as
a Jury Trial - FRCP 38(a); (b);
Seventh Amendment to U.S. Constitution

Comes now Plaintiff Michael Eaves, pursuant to FRCP 38(a), to preserve all Plaintiffs' Rights of Trial by Jury as declared by the 7th Amendment to the U.S. Constitution, as is preserved inviolate, and he hereby Demands a Trial by Jury on all issues triable of Right by a Jury. FRCP 38(b).

Plaintiff requests the Honorable Clerk to designate on the record this case as a Jury Trial.

Respectfully,
All rights reserved without prejudice,
_Michael Eaves_    7-18-22
Michael Eaves -(261472) Plaintiff

This is to Certify that the foregoing Demand for Jury Trial has been deposited in the institution's internal mail system for filing, all postage prepaid by me and sent to the Clerk of the U.S. District Court at Louisville, 601 W. Broadway rm 106, Louisville KY 40202 on this day the 18th day of July, 2022. _Michael Eaves_ 7-18-22
Michael Eaves - Plaintiff
c/o Lee Adjustment Center
168 Lee Adj. Center Dr.
Beattyville Ky 41311