UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL EAVES,                                                                    Plaintiff,

v.                                                    Civil Action No. 3:22-cv-P374-DJH

JUDGE REBECCA JENNINGS,                                     Defendant.

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Michael Eaves, an inmate at the Lee Adjustment Center, filed the instant *pro se* civil rights action. This matter is before the Court upon initial screening of the complaint (Docket No. 1) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss the action.

**I.**

Plaintiff sues the Honorable Judge Rebecca Jennings in her official and individual capacities. He states that Judge Jennings "is the sitting District Judge in case no. 3:21-cv-296-RGJ, Michael Eaves, et al, v. Dagon Moon, et al.," which he states is a "prisoner rights deprivation case against prison officials." Plaintiff asserts that Judge Jennings denied his motion for class certification and for appointment of counsel for the class. He maintains that she also denied his request to be allowed to file his complaint without using the Court-approved complaint form, although she allowed another inmate to file his complaint without using the complaint form. He states that "these actions by Defendant are outside her jurisdiction and are discriminatory to Plaintiffs based upon their disability, and disab. discrimination complaints, and interfere with seeking [Americans with Disabilities Act (ADA)] protection[.]" Plaintiff

maintains that Judge Jennings's actions "deprived Plaintiffs of their rights protected by the U.S. Constitution, 1st, 7th, 9th, and 14th Amendments, the ADA/[Rehabilitation Act (RA)] of 1973, and at all times herein Defendant's actions and abuse of authority were under color of law, they are capable of repetition but evades review[.]"  He maintains that "no court order or Judgment can cure the injuries to Plaintiff's rights . . . ."

Plaintiff further states, "I fear retaliations by other court workers and judges in these cases and others because of my complaints against the Defendant."  He continues, "The threat is real and evidenced by Plaintiff being denied other pro se liberties by Judge Caldwell who refused to subpoena records and order the Clerk to not send me signed but otherwise blank subpoenas that any of the Defendants attorneys could have issued."  Plaintiff asserts, "Eaves and others similarly situated have a right to access and to be treated equally in the court regardless of skin color, disability, or sexually oriented as a reformed sex offender, and Defendant Jennings denied equal treatment to Eaves and other Plaintiffs with her actions."  He alleges that Judge Jennings also deprived him of a jury trial.  He further states, "Treating Eaves unequally is a non-judicial action that she has no authority or jurisdiction to do so."

As relief, Plaintiff seeks compensatory and punitive damages and declaratory and injunctive relief.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

#### A. *Plaintiff's attempt to sue on behalf of others*

In the complaint caption, Plaintiff lists the Plaintiff as "Michael Eaves, and others similarly situated." Under 28 U.S.C. § 1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ." That statute, however, "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (advising that § 1654 "'does not allow for unlicensed laymen to represent

3

anyone else other than themselves'") (citation omitted). Further, to the extent Plaintiff is seeking to bring a class action on behalf of himself and other inmates, courts have repeatedly held that "pro se prisoners cannot adequately represent a class." *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) ("[N]o representative party was available because pro se prisoners are not able to represent fairly the class."). Therefore, as a *pro se* prisoner, Plaintiff cannot sue on behalf of others, and he is the only Plaintiff to this action.

### B. Official-capacity claim

Because Plaintiff asserts a violation of his civil rights and sues a federal official, the Court construes his claims to be brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971).[1] A claim brought against a federal employee or official in his or her official capacity is actually brought against the United States, as the official's employer. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). "[C]laims against the United States and against any federal judges in their official capacity are subject to dismissal on the basis that such claims are absolutely barred by sovereign immunity." *Hessmer v. United States*, No. 3:13-mc-0042, 2013 U.S. Dist. LEXIS 64738, at *5 (M.D. Tenn. May 7, 2013); *see also Pena v. Cole*, No. 19-CV-10276 (CM), 2020 U.S. Dist. LEXIS 19455, at *4-5 (S.D.N.Y. Jan. 31, 2020) (dismissing claims against federal judges in their official capacity on grounds the claims were barred by sovereign immunity). Therefore, Plaintiff's official-capacity claim against Judge Jennings is barred by sovereign immunity and must be dismissed for failure to state a claim upon which relief may be granted.

---

[1] In *Bivens*, the Supreme Court established a direct cause of action under the Constitution against federal officials for the violation of constitutional rights analogous to a claim under 42 U.S.C. § 1983 against state actors.

### C. Individual-capacity claim

Judges are entitled to judicial immunity arising out of the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam); *Kipen v. Lawson*, 57 F. App'x 691, 691-92 (6th Cir. 2003) (discussing immunity of federal judges). Judicial immunity is an immunity from suit, not just immunity from the assessment of money damages, and it applies even when a judge is accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11. Judicial immunity protects "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225, (1988) (citations omitted).

Judicial immunity from suit can be overcome in only two situations. A judge is not immune from liability for non-judicial actions, *i.e.*, "actions not taken in the judge's judicial capacity," or "actions, though judicial in nature, which are taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. Here, the actions challenged by Plaintiff were judicial in nature. "Paradigmatic judicial acts, or acts that involve resolving disputes between parties who have invoked the jurisdiction of a court, are the touchstone for application of judicial immunity." *Brookings v. Clunk*, 389 F.3d 614, 18 (6th Cir. 2004). Plaintiff asserts, "Treating Eaves unequally is a non-judicial action that she has no authority or jurisdiction to do so." However, this conclusory statement is not supported by facts. *See Iqbal*, 556 U.S. at 681 ("[T]he allegations are conclusory and not entitled to be assumed true.") (citing *Twombly*, 550 U.S. at 554-55). It is evident that Plaintiff's allegations arise wholly from Judge Jennings's rulings in the prior 42 U.S.C. § 1983 action before her.

Furthermore, it is obvious that none of the alleged actions by Judge Jennings were taken "in complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. Judge Jennings clearly

had jurisdiction over Plaintiff's prisoner 42 U.S.C. § 1983 action. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Again, Plaintiff's conclusory statements in his complaint to the contrary are unsupported by facts.

Accordingly, the Court finds that Plaintiff's individual-capacity claim is barred by absolute judicial immunity and must be dismissed for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order of dismissal.

Date:

cc: Plaintiff, *pro se*
      Defendant Judge Jennings
4415.010